# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-2227 (RC) |
| | : | | |
| v. | : | Re Document No.: | 41 |
| | : | | |
| FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# ORDER

### GRANTING GOVERNMENT'S MOTION TO CONTINUE STAY

The United States has moved to continue the stay of this civil forfeiture action for 180 days. *See* Gov't Mot. Stay, ECF No. 41. No claimant has signaled opposition. *Id.* at 12. The Court will grant the motion to continue the stay of this case.

Statute requires the stay of a civil forfeiture proceeding if the United States asks for one and "the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1); *see also United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 211 (D.D.C. 2014). When determining whether a criminal investigation is "related" to the civil forfeiture proceeding, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). The United States may submit evidence *ex parte* to support its request, *id.* § 981(g)(5), and it has done so here, *see* Sealed *Ex Parte* Status Report, ECF No. 42-1.

A stay is required. As the Court determined in its prior orders, this civil forfeiture action is related to an ongoing criminal investigation for alleged money laundering for the al-Qassam Brigades, a terrorist organization. *See* Orders Granting Gov't Mots. Stay, ECF 19, 24, 36. That investigation is ongoing. Gov't Mot. Stay at 5–6. Given that the criminal investigation and civil forfeiture action share "common facts, similar alleged violations[,] and some common parties," they are "clearly related." *See United States v. All Funds on Deposit in Suntrust Acct. No. XXXXXXXX8359, in Name of Gold & Silver Rsrv., Inc.*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006).

Civil discovery in this matter would adversely affect the parallel criminal investigation. The United States asserts that discovery in this case "would subject [its] criminal investigation to 'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding.'" Gov't Mot. Stay at 7 (quoting *All Funds on Deposit in Suntrust Acct. No. XXXXXXXX8359*, 456 F. Supp. 2d at 65). That is the classic kind of burden that justifies a stay. *See Sum of $70,990,605*, 4 F. Supp. 3d at 212; *see also United States v. $845,130.00 of Funds Associated with Apex Choice Ltd.*, No. 18-cv-2746, 2020 WL 6581781, at *2 (D.D.C. Nov. 10, 2020) (explaining that premature civil discovery may burden the United States by "lead[ing] to the disclosure of confidential information, the government's criminal strategy, or otherwise undiscoverable evidence in the criminal process"). The United States has demonstrated that such a burden would arise here should this proceeding continue uninterrupted. Civil discovery would likely involve depositions of federal law enforcement officials, including agents and analysts involved in the investigation, who would be likely witnesses at trial or in pre-trial proceedings in the criminal prosecution. Gov't Mot. Stay at 8. Such depositions run the risk of exposing the government's potential trial strategy or requiring witnesses to divulge sensitive information regarding the criminal investigation. *See id.*; *see also Sum of $70,990,605*, 4 F. Supp. 3d at 214

("Discovery of officers actively involved in a criminal investigation could adversely affect the investigation."); *All Funds on Deposit in Suntrust Acct. No. XXXXXXXX8359*, 456 F. Supp. 2d at 66 ("[D]iscovery could compromise any existing confidential informants and/or interfere with the Government's ability to obtain confidential information from others."). In addition, discovery would disrupt the investigation by forcing investigators to respond to discovery requests. *See $845,130.00 of Funds Associated with Apex Choice Ltd.*, 2020 WL 6581781, at *2; *All Funds on Deposit in Suntrust Acct. No. XXXXXXXX8359*, 456 F. Supp. 2d at 66.

Because civil discovery in this forfeiture proceeding would disrupt a related criminal investigation and prosecution, the United States is entitled to a stay.

\*   \*   \*

For the reasons stated above, the United States' motion to stay (ECF No. 41) is **GRANTED**. It is hereby:

**ORDERED** that proceedings in this civil forfeiture case are **STAYED** for a period of one hundred and eighty (180) days from the date of this Order, up to and including November 13, 2023; and it is

**FURTHER ORDERED** that the United States shall file a status report ninety (90) days from the date of this Order, on August 14, 2023; and it is

**FURTHER ORDERED** that the United States shall file a status report one hundred and eighty (180) days from the date of this Order, on November 13, 2023.

**SO ORDERED**.

Dated: May 16, 2023

RUDOLPH CONTRERAS
United States District Judge