**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**FIFTY-THREE VIRTUAL CURRENCY**
**ACCOUNTS,**

**Civil Action No. 20-2227 (RC)**

*In rem Defendants.*

---

**CLAIMANT HUSAMETTIN KARATAS'S MOTION TO STAY DISCOVERY PENDING**
**DISPOSITION OF DISPOSITIVE MOTIONS**

Claimant Husamettin Karatas, by and through counsel, respectfully moves to stay discovery in this matter pending the disposition of dispositive motions. The United States, through Brian Hudak, Esq., agrees that discovery should be stayed pending the disposition of dispositive motions except for discovery in Fed. R. Civ. P. Supp. G(6) which sets forth the government's ability to serve special interrogatories.

**BACKGROUND**

This is an *in rem* forfeiture action that arises out of the United States seizure of virtual currency accounts. The United States claims that the defendant properties at issue are assets of a designated terrorist organization and assets affording any person a source of influence over any such entity or organization. *See* 18 U.S.C. 981(a)(1)(G)(i). In addition, the complaint also seeks to forfeit virtual currency on the basis that it is allegedly involved in a conspiracy to launder and the laundering of monetary instruments intended to promote the carrying out of specified unlawful activities, namely (1) the provision of material support to a designated foreign terrorist organization (Hamas and the al-Qassam Brigades) in violation of 18 U.S.C. § 2339B and (2) the

operation of an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. *See* 18 U.S.C. § 981(a)(1)(A).

Mr. Karatas filed a verified claim on October 7, 2020 [ECF 5] and answer on December 28, 2020 [ECF 9] as required for a claimant under Supplemental Rule G(5) of the Federal Rules of Civil Procedure.  The Weinstock Claimants filed a verified claim on February 16, 2021 [ECF 11].  The Weinstock Claimants were afforded an extension to file their answer, including any counterclaims and crossclaims, until on or before February 15, 2024, which they did [ECF 53].

In the joint status report filed by the United States [ECF 49] on December 4, 2023, Mr. Karatas and the United States indicated that (1) the United States believes that the Weinstock Claimants lack standing in this matter, and thus, intend to move to strike their verified claim and answer; and (2) the United States and Mr. Karatas also believe that the Weinstock Claimants' intended counterclaim and crossclaim are procedurally and substantively improper and intend to seek to dispose of those claims through threshold motions.

The Court promptly set a briefing schedule for these dispositive motions.  The Court ordered the United States and Mr. Karatas to file any dispositive motions as to the Weinstock Claimants' answer, including any counterclaim and crossclaim, on or before March 18, 2024.  The Court also ordered the Weinstock Claimants to respond to dispositive motions on or before April 25, 2024 with replies to the same due on or before May 16, 2024.

On February 22, 2024, counsel for the Weinstock Claimants emailed a notice of deposition for March 14, 2024, to undersigned counsel for Mr. Karatas "pursuant to Rules 69(a)(2) and Rule 30 of the Federal Rules of Civil Procedure."

On February 27, 2024, counsel for Mr. Karatas requested that counsel for the Weinstock Claimants postpone discovery until after dispositive motions were resolved. Before filing this

motion, undersigned counsel confirmed that the Weinstock Claimants would not agree to postpone their request to take Mr. Karatas's deposition until after dispositive motions were resolved. Undersigned counsel hereby certifies that they discussed this motion and engaged in multiple exchanges with opposing counsel in a good faith effort to determine whether there is any opposition to the relief sought and, to attempt to narrow the areas of disagreement.  On March 11, 2024, undersigned counsel confirmed that counsel for the Weinstock Claimants will oppose this motion. *See* Fed. R. Civ. P. 26(c)(1) and LCvR7(m).

## SUMMARY OF ARGUMENT

The United States has taken possession of the defendant virtual currency accounts pursuant to a warrant for arrest *in rem* that was issued on December 8, 2020 [ECF 8].  The Weinstock Claimants seek to use the existence of this *in rem* forfeiture proceeding as a means to collect on a default judgment the Weinstock Claimants obtained on May 17, 2019 against "Hamas."  See ECF 11 and 53, ¶¶ 130, 133. The United States and Mr. Karatas will move to dismiss the Weinstock Claimants' answer, counterclaims and crossclaims for lack of standing, among other reasons, which if granted, will thoroughly dispose of all the Weinstocks' claims, counterclaims and cross claims.[1] The Weinstock Claimants are attempting to rush to discovery before confronting the result of these dispositive motions, including the threshold determination of whether the Weinstock Claimants even have standing to participate in this forfeiture proceeding.

The Weinstock Claimants should not be permitted to jump ahead and propound discovery before this Court has decided motions to dismiss the Weinstock Claimants' answer, including any

---

[1]  Mr. Karatas has not consented and continues his objection to any attempt to exercise personal jurisdiction over him by virtue of asserting a claim in this *in rem* proceeding.  Issues relating to standing, personal jurisdiction and/or subject matter jurisdiction are among many issues that are the subjects of dispositive motions which have yet to be fully briefed and ruled upon in this matter.

counterclaims and crossclaims, which are currently due on or before March 18, 2024. Final briefing on these motions will conclude on or before May 16, 2024. No other deadlines are set in this action and therefore, no other deadlines will be impacted if this Court grants the motion to stay discovery.

### STATEMENT OF POINTS AND AUTHORITIES

**A Stay is Appropriate Under the Distinctive Procedures that Govern a Civil Forfeiture Action *In Rem* Arising from a Federal Statute**

The pending matter is a forfeiture action *in rem* arising from a federal statute and is governed by Fed. R. Civ. P. Supp. G. *See* Fed. R. Civ. P. Supp. G(1). Fed. R. Civ. P. Supp. G(8)(b) and (c) "allow a claimant to move to dismiss *only* if the claimant has standing and recognize the government's right to move to dismiss a claim for lack of standing." Fed. R. Civ. P. Supp. G, *Advisory Committee Notes, Subdivision (6)* (emphasis added). Indeed, the government's motion to strike a claim or answer because the claimant lacks standing *must* be decided before any motion by the claimant to dismiss the action. *See* Fed. R. Civ. P. Supp. Rule G(8)(b)(i) and (ii)(A). Similarly, the United States's anticipated motion regarding the Weinstock Claimants' lack of standing should be resolved before the Weinstock Claimants burden another claimant with civil discovery. *See, e.g.*, Fed. R. Civ. P. Supp. Rule G(8)(i) (claimants must wait to have their motions to dismiss adjudicated *after* they have established standing to contest forfeiture) (emphasis added). This approach makes sense. The resources of the Court, the parties, and claimants should not be expended if the Weinstock Claimants lack standing to participate in the proceedings. At this early stage in the forfeiture process, no claimant should be afforded the opportunity to force other claimants to engage in costly civil discovery without having cleared the threshold hurdle of standing.

**A Stay is Appropriate Under the Court's Inherent Authority to Control Its Docket**

The Court has the authority to issue a stay in this case. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, n. 6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). "Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas*, 402 F.Supp.2d 289, 292 (D.D.C 2005) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir.1979)). "It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion*." Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001); see also *Anderson v. United States Attorney's Office*, No. CIV.A. 91–2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *see also* ; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended").

If the Court grants the United States' or Mr. Karatas's motions to dismiss the Weinstocks from participating in this forfeiture action because they do not have standing or for other reasons

raised in the motions to dismiss, then the Weinstock Claimants would have no privilege to conduct discovery in this proceeding.  The most efficient, cost-effective, and fairest course of action is for the Court to enter a stay of action pending the resolution of dispositive motions. The Weinstock Claimants will not suffer any prejudice from such a stay.

**Mr. Karatas's Fifth Amendment Rights Are Unnecessarily and Prematurely Harmed By Permitting Discovery To Proceed Before Dispositive Motions Have Been Resolved**

Mr. Karatas faces criminal charges.  Proceeding with discovery would force Karatas into the unfair position of having to choose between waiving his Fifth Amendment privilege, or invoking the privilege, but with the knowledge that adverse inferences would be drawn in the civil actions.  *See  Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993) (finding that a stay was necessary even for non-indicted defendants); *see also $2,067,437.08*, 2008 WL 238514, at *6.  "Courts have long stayed civil forfeiture cases based upon [such] anticipatory discovery issues[.]" *United States v. $177,844.68*, No. 2:13-civ-100, 2014 WL 4071054, at *5 (D. Nev. Aug. 15, 2014) (internal quotations omitted).  Given the fact that the Weinstock Claimants have yet to establish threshold matters such as standing, they should not be allowed to force Mr. Karatas into this untenable position at this stage in the forfeiture proceedings.

## CONCLUSION

For the foregoing reasons, Mr. Karatas, by counsel, respectfully submits that the motion to stay discovery should be granted.

Respectfully Submitted,

Husamettin Karatas
BY COUNSEL

_(signature)_

Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C.  20005
Phone 202-549-0425
andrea@kmlawfirm.com

**C E R T I F I C A T E**

       I hereby certify that on <u>March 11, 2024</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_(signature)_

Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C.  20005
Phone 202-549-0425
andrea@kmlawfirm.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Civil Action No. 20-2227 (RC)** |
| **FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS,** | |
| *In rem Defendants.* | |

**PROPOSED ORDER**

Having considered the Motion to Stay filed by Claimant Husamettin Karatas, through counsel, it is hereby **ORDERED** that the motion be, and hereby is, **GRANTED.**

As civil discovery and other progress in this case at this time shall be stayed, pursuant to this Court's inherent authority to control its docket, until this Court has had an opportunity to rule on dispositive motions.

**IT IS SO ORDERED.**

DATE:

_____
Hon. Rudolph Contreras
United States District Judge