**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS,**

***In rem Defendants.***

**Civil Action No. 20-2227 (RC)**

**CLAIMANT HUSAMETTIN KARATAS'S MOTION TO STRIKE THE WEINSTOCK CLAIMANTS' ANSWER TO THE VERIFIED COMPLAINT FOR FORFEITURE IN REM AND THEIR CROSSCLAIMS AGAINST CLAIMANT HUSAMETTIN KARATAS AND MEMORANDUM IN SUPPORT THEREOF**

**TABLE OF CONTENTS**


Introduction……………………………………………………………………..……..……..1

Facts……………………………………………………………………………..…......1

Points and Authorities in Support of Argument………………………………………......3

I. The Weinstock Claimants Do Not Have Article III or Statutory Standing Because They Are Unsecured Creditors That Do Not Claim a Specific Interest or Ownership in the Seized *Res*……………………………………..…....3

II. Rule 13(b) Does Not Permit The Weinstock Claimants' Crossclaim Against Mr. Karatas…………………………………………………………..…....6

A. The Weinstock Claimants do not have standing to bring a crossclaim……6

B. As claimants, the Weinstocks and Mr. Karatas are not parties to the proceeding and therefore, crossclaims are not permitted under Rule 13(g). ……………………………………………………………………..7

C. The Weinstock Claimants crossclaim should be dismissed because the crossclaims do not arise out of the transaction or occurrence that is the subject matter of the original action……………………………………8

III. Mr. Karatas is Not Subject to the Personal Jurisdiction of This Court by Virtue of His Claim and the Weinstock Claimants Cannot Assert *In Personam* Crossclaims Against Mr. Karatas…………………………………………………….....9

A. The Weinstock Claimants do not have standing to assert that Mr. Karatas is subject to the personal jurisdiction of this Court and the Weinstock Claimants cannot assert *in personam* claims against Mr. Karatas………..9

B. Mr. Karatas is not subject to the personal jurisdiction of this Court by virtue of his asserting a claim against the involuntary seizure of his property by the United States………………………………………..9

IV. The Weinstock Claimants' Crossclaim Called "Turnover" Fails to State a Claim Upon Which Relief Can Be Granted And Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)……………………………………………………...10

A. Count One, the "Turnover" cause of action, in the crossclaim does not exist…………………………………………………………………10

Conclusion………………………………………………………………………………11

Claimant Husamettin Karatas by and through counsel, moves to strike the Weinstock Claimants' answer to the verified complaint for forfeiture *in rem* and to dismiss their crossclaims against Mr. Karatas pursuant to Federal Rule of Civil Procedure 12(b)(6), for all the reasons set forth in the United States' Motion to Strike Weinstock Claimants' Claim and Answer and to Dismiss Their Counterclaim Against the United States and Memorandum in Support Thereof, and for all the reasons set forth below.

## INTRODUCTION

The United States and Mr. Karatas agree that the Weinstock Claimants do not have standing to participate in this forfeiture proceeding. There are a multitude of procedural and substantive reasons to dismiss the Weinstock claims. Any one of these issues, standing alone, warrants dismissal of their claims. However, the Court need not reach any of the other arguments beyond standing because the lack of standing ultimately renders them moot. The Weinstock Claimants' answer should be stricken and their crossclaim should be dismissed for four independent reasons: (1) the Weinstock Claimants do not have standing; (2) Rule 13(g) does not permit the crossclaim against Mr. Karatas; (3) Mr. Karatas is not subject to the personal jurisdiction of this Court by virtue of his claim; and, (4) the Weinstock Claimants fail to state a claim against Mr. Karatas. In addition, Mr. Karatas joins and incorporates the United States' Motion to Strike Weinstock Claimants' Claim and Answer and to Dismiss Their Counterclaim Against the United States and Memorandum in Support Thereof.

## FACTS

Mr. Karatas is a citizen of the Republic of Turkey and has no ties to any United States-designated foreign terrorist organization. Mr. Karatas's only tie to the United States is now the *res* that the United States has seized. This *in rem* forfeiture action arises out of the United States'

seizure of virtual currency accounts under three theories: (1)18 U.S.C. § 981(a)(1)(G)(i) (assets of a designated terrorist organization and assets affording any person a source of influence over any such entity or organization), (2)18 U.S.C. § 981(a)(1)(A) (conspiracy to launder and laundering of monetary instruments intended to promote specified unlawful activities: material support of Hamas and the al-Qassam Brigades [hereinafter "Hamas"] and/or, (3) operation of an unlicensed money transmitting business).  [ECF 1, 8 and 34].

Pursuant to the warrant for arrest *in rem*, issued on December 8, 2020, the United States seized fifty-three virtual currency accounts.  Pursuant to Rule G(5)(a) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions [hereinafter "Supp. R."], Mr. Karatas claims his interest in one of the fifty-three virtual accounts seized by the United States: Defendant Property 180.  [ECF 1, 8, 5 and 9].  Specifically, with respect to Defendant Property 180, the United States also seeks to forfeit that property on a theory that factually and elementally has nothing to do with being an alleged Hamas asset. It alleges that this property was involved in a conspiracy to launder, and the laundering of monetary instruments intended to promote the carrying out the operation of an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. See 18 U.S.C. § 981(a)(1)(A).  [ECF 34, pgs. 1-2].

The single, pivotal factual allegation against Defendant Property 180 relating to Hamas is [ECF 8, pg. 6] that it is alleged to have received virtual currency from a third-party virtual currency account, that is in turn, accused of receiving virtual currency from a Hamas-related virtual currency account. [ECF 1, ¶ 92-104].  The alleged currency at issue was received into Defendant Property 180 on February 14, 2019, and was worth approximately $227.48 (.066 BTC or Bitcoin). *Id*.

The Weinstock Claimants do not allege a specific interest in or ownership over Defendant Property 180, the .066 BTC or any of the *res* alleged to be connected to Mr. Karatas.  The

Weinstock Claimants' purported interest in Defendant Property 180 is entirely based upon adopting the factual assertions made in United States' Verified Complaint for Forfeiture *In Rem*. See [ECF 1 and 53]. Instead of being *bona fide* claimants to the specific *res* at issue, the Weinstock Claimants are general unsecured creditors looking to collect on an unsatisfied default judgment (the "Judgment") they obtained against Defendant Hamas-Islamic Republic Movement in federal court in Florida. *Islamic Republic of Iran, et al*., 2019 WL 1993778 (S.D. Fla. May 6, 2019). [ECF 53, ¶¶129-132].

The Weinstock Claimants obtained the Judgment through a civil action under 18 U.S.C. 2333, arising from the 1993 shooting murder of a U.S. citizen by Hamas. *See Weinstock v. Islamic Republic of Iran*, No. 17-23272 (S.D. Fla. May 6, 2019), 2019 WL 1993778 *1. In that civil action, the Court obtained personal jurisdiction over Hamas under Rule 4(k)(2) of the Federal Rules of Civil Procedure. Mr. Karatas was neither a party to the Florida action resulting in the Judgment nor was he alleged to have been involved in the underlying facts resulting in the Judgment. See generally *Weinstock*, 2019 WL 1993778 and ECF 53. Indeed, the Weinstock Claimants do not claim to have a judgment against Mr. Karatas. [ECF 53, ¶129-132]. In other words, Mr. Karatas is not an individual debtor to the Weinstock Claimants.

Borrowing the existence of the United States' *in rem* forfeiture action, the Weinstock Claimants filed a single-count crossclaim against Mr. Karatas that they call "Turnover." [ECF 53, pg. 14]. The Weinstock Claimants lack standing and their answer and crossclaim are procedurally and substantively improper for all the following reasons.

## <u>POINTS AND AUTHORITIES IN SUPPORT OF ARGUMENT</u>

### I. The Weinstock Claimants Do Not Have Article III or Statutory Standing Because They Are Unsecured Creditors That Do Not Claim a Specific Interest or Ownership in the Seized *Res*.

Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims. *Warth v. Seldin*, 422 U.S. 490, 498 (1975*); Physician's Ed. Network, Inc. v. Department of Health, Ed. et al*., 653 F.2d 621, 626 (D.C. Cir. 1981) *citing Warth*, at 498, "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.") A claimant in a civil forfeiture action is required to demonstrate standing under both Article III of the U.S. Constitution and under the statute governing its claim. *U.S. v. All Funds in the Account of Property Futures, Inc*., 820 F.Supp.2d 1305, 1325 (2011); *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543–44 (11th Cir.1987). "As an *in rem* proceeding, a civil forfeiture action is unlike most other civil actions in that the defendant is the property subject to forfeiture and, as such, it is the claimant, not the plaintiff, who has the burden to demonstrate standing by a preponderance of the evidence." *All Funds in the Account of Property Futures, Inc*., 820 F.Supp.2d 1305 at 1325 (citing *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 n. 11 (11th Cir.1987)); *see also* Supp. R. G(8)(c)(B).

This civil *in rem* forfeiture proceeding is governed by 18 U.S.C. § 983 and Supp. R. G of the Federal Rules of Civil Procedure. See 18 U.S.C. § 983 (titled "General Rules for Civil Forfeiture Proceedings"); Supp. R. G(1) ("This rule governs a forfeiture action *in rem* arising from a federal statute."). Section 983(a)(2)(C) and Supp. R. G(5)(a)(i) require that a claimant in a forfeiture action *in rem* assert an interest in "specific property" that is named as a defendant asset. "Both the statute and the rule require that a claimant in a forfeiture action *in rem* 'assert[] an interest in the defendant property.' Without such an interest the claimant lacks standing under the Supplemental Rules to challenge the forfeiture." *U.S. v. All Assets Held at Bank Julius Baer & Co., Ltd.* 772 F.Supp.2d 191, 198 (D.D.C. 2011) (citing Supp. R. G(8)(c)(i)(B) and *United States*

*v. Funds From Prudential Securities*, 300 F. Supp.2d 99, 103 (D.D.C. 2004) (referring to Supp. R. C(6), the predecessor of Supp. R. G(5) and G(6))); *see also United States v. PokerStars*, 2012 WL 1659177, at *2 (S.D.N.Y. May 9, 2012) (citing *Cambio Exacto*, 166 F.3d at 527) ("Generally, what is required in order to establish standing of this kind in civil forfeiture actions is demonstration of an ownership or possessory interest in the seized or forfeited property."); *see also, All Assets Held at Bank Julius Baer & Co., Ltd.*, 772 F.Supp.2d 191, 198 (D.D.C. 2011) (*citing United States v. One-Sixth Share*, 326 F.3d 36, 41 (1st Cir. 2003) and *United States v. $20,193.39*, 16 F.3d 344, 346 (9th Cir. 1994) ("While a variety of types of property interests in defendant assets thus may confer standing upon a claimant, '[t]he federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property.'")); *see also*, *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191 (D.C. Cir. 1995) (holding, in a forfeiture action brought pursuant to 18 U.S.C. §§ 1961-1968, that "a general creditor can never have an interest in specific forfeited property").

An interest "in" property must be an interest in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account. *United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997). A general unsecured creditor "does not possess a legal right, title, or interest in the property that [is] forfeited as required for standing." *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007) (internal quotation marks omitted); *see also BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185; *United States v. Schwimmer*, 968 F.2d 1570, 1581 (2d Cir. 1992) (holding that a general creditor does not have "an interest in property ordered forfeited that invalidates an order of forfeiture"); *see also*, *U.S. v. All Funds in the Account of Property Futures, Inc.*, 820 F.Supp.2d 1305, 1333 (2011) (citing *United States v. Watkins*, 320 F.3d 1279, 1282–84 (11th Cir.2003)(noting that unsecured or general creditors lack standing to contest forfeitures);

*United States v. One–Sixth Share*, 326 F.3d 36, 43–44 (1st Cir.2003) (holding that individual with *in personam* judgment against property owner has no secured interest in any particular asset, and therefore is not an owner for purposes of establishing § 983(d) standing); *United States v. McCorkle*, 143 F.Supp.2d 1311, 1322–23 (M.D.Fla.2001) (judgment creditor who did not reduce judgment to lien on specific asset was simply an unsecured creditor); *United States v. $26,620 in U.S. Currency*, 2006 WL 949938, *5–7 (N.D. Ga. April 12, 2006) (unpublished) (noting that claimant failed to establish statutory standing under 18 U.S.C. § 983(d)(1) because, as an unsecured creditor under § 983(d)(6)(B)(i), he was not an owner); *United States v. $38,852 in U.S. Currency*, 328 F.Supp.2d 768, 769 (N.D. Ohio 2004) (unsecured creditor under § 983(d)(6) was not an "owner" and lacked standing).

The Weinstock Claimants are, at most, general, unsecured creditors of Hamas. The Weinstock Claimants have not alleged ownership of or a specific interest in any of the Defendant Properties, including Defendant Property 180, owned by Mr. Karatas. As such, they are without Article III standing and, by virtue of their status as general unsecured creditors, are specifically excluded from the category of "owner" pursuant to 18 U.S.C. § 983(d)(6)(B)(i) ("In this subsection, the term 'owner' . . . does not include—a person with only a general unsecured interest in, or claim against, the property or estate of another . . ."). Without a claim to a specific interest in the seized property, their claims in this forfeiture action must be dismissed.

**II.    Rule 13(b) Does Not Permit The Weinstock Claimants' Crossclaim Against Mr. Karatas.**

    A.    <u>The Weinstock Claimants do not have standing to bring a crossclaim</u>.

At the outset, the crossclaim is not permitted because the Weinstock Claimants do not have standing to participate in this forfeiture proceeding for the reasons stated *supra*-Section I. Fed. R. Civ. P. 13(g) only permits a crossclaim by a party. If the Court dismisses the Weinstock Claimants

for lack of standing, then they occupy the role of a non-party. As such, they are not a "party" under Rule 13(g) and their crossclaim must be dismissed.

B. As claimants, the Weinstocks and Mr. Karatas are not parties to the proceeding and therefore, crossclaims are not permitted under Rule 13(g).

Supp. R. G(1) sets forth the rules governing a forfeiture action *in rem* arising from a federal statute and "[t]o the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." The plain language of Rule 13(g) governs the analysis of the Weinstock Claimants' attempt to bring a crossclaim against Mr. Karatas. That rule provides:

(g) Crossclaim Against a Coparty. A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

As with any question of statutory interpretation, this Court's analysis begins with the plain language of the statute. *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) (citations omitted). When the statutory language is clear, it must be enforced according to its own terms so long as "the disposition required by the text is not absurd." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004). We submit that the Court should interpret Rule 13(g) strictly, under the facts of this case, such that the terms "party" and "coparty" do not include the Weinstock Claimants or Mr. Karatas. Instead, they are no more than "claimants" seeking to assert superior property rights to the *res* that was involuntarily seized by the United States.

> The Seventh Circuit has observed that "a Rule 13(g) cross-claim will lie only against an existing defendant. *In re Oil Spill by Amoco Cadiz Off Coast of France on March 16*, 1978, 699 F.2d 909, 913 (7th Cir.), cert. denied 464 U.S. 864, 104 S. Ct. 196 (1983); see also 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d §1431, at 234 (1990) ("No cross-claim may be brought against a person who has been eliminated or who has withdrawn from the action, since he is no

> longer a party.")). **The corollary to this principle is that only an existing party may file a cross-claim against a co-party.** See *Seiffer v. Topsy's Intern., Inc*., 487 F. Supp. 653 (D. Kan. 1980). (emphasis added)

*Ventre v. Datronic Rental Corp*., No. 92 C 3289, 1996 WL 5211 *2 (N.D. Ill. January 2, 1996); (See also, *Stonecoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17-cv-00303, 2019 WL 9899507 * 7 (E.D. Tex. March 27, 2019) (citing *NatureSweet, Ltd. v. Mastronardi Produce, Ltd*., No. 3:12-CV-1424-G, 2013 WL 460068, at *2 (N.D. Tex. Feb. 6, 2013) (The language of "Rule 13 suggests counterclaims and crossclaims are, as an initial matter, proper only as to existing parties.")). Although Rule 13(g) does not define party or coparty, the Court should apply the Rule's plain language to mean a person or entity that is a party in the existing litigation. The complaint filed by the United States does not name either Mr. Karatas or the Weinstock Claimants as a party. For this reason alone, the crossclaim against Mr. Karatas should be dismissed.

C. The Weinstock Claimants crossclaim should be dismissed because the crossclaims do not arise out of the transaction or occurrence that is the subject matter of the original action.

Crossclaims must "arise [] out of the transaction or occurrence that is the subject matter" of the original action. Fed. R. Civ. P. 13(g). To assess whether a claim arises out of the same transaction or occurrence, courts must look to "the degree of 'logical relationship' between the two actions," as well as the extent to which 'the evidence offered to support [each set of claims] is likely to be substantially identical.'" *Travelers Indemnity Company of Connecticut v. University* Hall, 2020 WL 999356 *2 (D.D.C. March 2, 2020) citing *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 625 (D.C. Cir. 1975). The Weinstock Claimants' tort judgment arises out of a 1993 shooting death. But the Weinstock Claimants do not—and cannot—allege that Mr. Karatas had anything to do with that shooting. The 1993 shooting long predated the claims around the seizure of Defendant Property 180 as alleged in the United States' complaint. The Weinstock Claimants do not allege that their tort Judgment was against Mr. Karatas. Likewise, the Weinstock Claimants

do not allege the *res* at issue here was factually connected to the basis for the Judgment. As such, the underlying action against this *res* has no logical relationship to the crossclaim.

**III. Mr. Karatas is Not Subject to the Personal Jurisdiction of This Court by Virtue of His Claim and the Weinstock Claimants Cannot Assert *In Personam* Crossclaims Against Mr. Karatas.**

A. The Weinstock Claimants do not have standing to assert that Mr. Karatas is subject to the personal jurisdiction of this Court and the Weinstock Claimants cannot assert *in personam* claims against Mr. Karatas.

The Weinstock Claimants should not be permitted to assert that the Court has jurisdiction over Mr. Karatas because the Weinstock Claimants do not have standing to participate in this forfeiture proceeding for the reasons stated *supra*-Section I. The Weinstock Claimants are not claimants with standing in this litigation and for that reason alone should not be able to assert *in personam* crossclaims.

B. Mr. Karatas is not subject to the personal jurisdiction of this Court by virtue of his asserting a claim against the involuntary seizure of his property by the United States.

The Weinstock Claimants have attempted to obtain personal jurisdiction over Mr. Karatas by filing an *in personam* crossclaim in a proceeding where Mr. Karatas is not already subject to *in personam* claims in the same action. [ECF 53, ¶¶138-139]. The Weinstock Claimants have asserted for the first time in their crossclaim an attempt to exercise personal jurisdiction over Mr. Karatas. [ECF 53, ¶139] The Weinstock Claimants do not allege any facts showing that this Court can properly exercise personal jurisdiction over Mr. Karatas.

The Weinstock Claimants assert that there is a "lack of jurisdiction over the *res* and lack of personal jurisdiction over the owners of the *res*." [ECF 53 ¶119]. As such, the Weinstock Claimants have averred that there is no personal jurisdiction over the owners of the *res*, which would include Mr. Karatas. They cannot simultaneously allege that there is no personal

jurisdiction over Mr. Karatas while alleging that this Court should exercise personal jurisdiction over Mr. Karatas to permit their crossclaim against him.

**IV.     The Weinstock Claimants' Crossclaim Called "Turnover" Fails to State a Claim Upon Which Relief Can Be Granted And Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

The Federal Rules of Civil Procedure authorize the Court to dismiss any complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While the court must accept the factual allegations in the pleadings as true, legal conclusions drawn from those facts are not to be given such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). *Saline Parents v. Garland*, 88 F.4th 298, 303 (D.C. Cir. 2023) (*citing Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (*citing Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007) ("Nor do we assume the truth of legal conclusions") (*citing Iqubal*, 556 U.S. at 678); *see also*, *Hester v. Burrows*, No. 22-5312 (D.C. Cir. June 2, 2023), 2023 WL 3829323 *1, (citing *Iqbal*, 556 U.S. at 678 (2009) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal quotation marks omitted). The Weinstock Claimants have alleged a Count called "Turnover" but have failed to allege facts to support the conclusion that they are entitled to receive "Turnover" from Mr. Karatas. The Weinstock Claimants have failed to allege facts to support the conclusion that Mr. Karatas is in possession of any *res* that the Weinstock Claimants are entitled to as a general unsecured creditor of Hamas. The undisputed facts are that the United States has seized all fifty-three virtual accounts, including Defendant Property 180, and that the Weinstock Claimants do not have a judgment against Mr. Karatas personally.

    A.    <u>Count One, the "Turnover" cause of action, in the crossclaim does not exist.</u>

The Weinstock Claimants purport to bring a cause of action against Mr. Karatas, that is not an independent cause of action. The Weinstock Claimants Count One, called "Turnover" should be dismissed because it is not a cognizable claim. No case in this Circuit has ever recognized "Turnover" as an independent cause of action. As a result, Count One should be dismissed. See e.g. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'")); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)).

Here, the Weinstock Claimants have not even provided a formulaic recitation of the elements of an independent cause of action. As a result, the crossclaim must be dismissed.

**CONCLUSION**

For the foregoing reasons, Mr. Karatas, by counsel, respectfully requests that the Court enter an order striking the Weinstock Claimants' answer to the verified complaint for forfeiture *in rem* and to dismiss their crossclaim against Mr. Karatas pursuant to Federal Rule of Civil Procedure 12 (b)(6) and for all the reasons set forth herein and in the United States' Motion to Strike Weinstock Claimants' Claim and Answer and to Dismiss Their Counterclaim Against the

United States and Memorandum in Support Thereof.

Respectfully Submitted,

Husamettin Karatas
BY COUNSEL

Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C. 20005
Phone 202-549-0425
andrea@kmlawfirm.com

**CERTIFICATE**

I hereby certify that on March 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record to the following:

Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C. 20005
Phone 202-549-0425
andrea@kmlawfirm.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS,**<br><br>***In rem Defendants.*** | **Civil Action No. 20-2227 (RC)** |

**[PROPOSED] ORDER**

Having considered the Motion to Strike and Motion to Dismiss filed by Claimant Husamettin Karatas, through counsel, it is hereby

ORDERED that the motion be, and hereby is GRANTED;

ORDERED that the claim filed by the Weinstock Claimants [ECF No. 11] and their answer [ECF No. 53] is STRICKEN; and it is further

ORDERED that the Weinstock Claimants and any claims they bring in this suit are DISMISSED.

IT IS SO ORDERED.

DATE:

________________________________
Hon. Rudolph Contreras
United States District Judge