# PETITION FOR REMISSION OF A CRIMINAL OR CIVIL FORFEITURE ACTION BY THE UNITED STATES DEPARTMENT OF JUSTICE

To: The Attorney General of the United States
Jessica Brooks, AUSA

From: Petitioners, by their attorney, Law Office of Asher Perlin, Asher Perlin, 4600 Sheridan Street, Suite 303, Hollywood, Florida 33021,
Tel. 786-233-7164
email: asher@asherperlin.com

Re: Petition for Remission of assets subject to forfeiture as described in *United States v. Fifty-Three Virtual Currency Accounts, et. al.*, case no. 20-cv-2227 (D.D.C.).

The Petitioners, all of whom are U.S. citizens, are victims of a terrorist attack perpetrated by Hamas and its al-Qassam Brigades. They seek remission of the assets forfeited to the United States in the civil forfeiture action filed by the Government, *United States v. Fifty-Three Virtual Currency Accounts, et. al.*, civil action no. 20-cv-2227 (D.D.C.) (the "Forfeiture Action").

The individual Petitioners are the mother and siblings of Yitzchak Weinstock, a U.S. citizen who was murdered in a Hamas/al-Qassam Brigades terrorist shooting attack when he was 19 years old. The Petitioners also bring this Petition on behalf of the Estate of Yitzchak Weinstock, the Estates of his maternal grandparents (who were also U.S. citizens), and the Estate of his late father. All Petitioners hold a judgment entered by the United States District Court for the Southern District of Florida against Hamas in the aggregate amount of $78,873,000.00 based upon the terrorist murder of Yitzchak Weinstock. The judgment remains wholly unsatisfied.

A copy of the judgment and the decision of the district court are submitted herewith as Compound Exhibit A. The decision is reported at *Weinstock v. Islamic Republic of Iran*, No. 17-cv-23272, 2019 WL 1993778 (S.D. Fla. May 6, 2019). Notably, the district court held that Hamas's fundraising and organizational activities in the United States were critical to Hamas' ability to carry out the attack in which it murdered Yitzchak Weinstock. *Id.* at *2-*3.

The court found that during the relevant period, Hamas carried out "extensive activities in the United States, through its leader, [Mousa Mohammed] Abu Marzook." *Id.* at *2. These U.S.-based activities included: (a) raising millions of dollars in the United States, that Hamas transferred to operatives in the West Bank and Gaza Strip; (b) developing a permanent U.S. – based fundraising and recruiting apparatus; (c) recruiting individuals domiciled in the U.S. to serve as Hamas leaders and operatives; and (d) sending operatives from the U.S. to the West Bank and Gaza, bearing instructions and funds supplied by Abu Marzook on behalf of Hamas, for the purpose of organizing and funding terrorist attacks. *Id.*

The court also concluded that during the relevant period, Hamas exploited its U.S. activities to build its "organizational, human and material infrastructure in the West Bank and Gaza Strip..." and that "without the extensive leadership, organizational and financial activities on behalf of Hamas initiated and conducted by Abu Marzook from the United States, Hamas would have had extremely limited organizational and operational capabilities, and it is very unlikely that the December 1, 1993 attack would have occurred." *Id.* at *3. (citation omitted).



Abu Marzook was indicted by the United States and remains a federal fugitive.

In addition to the decision and judgment entered by the Southern District of Florida, Petitioners submit herewith copies of Declarations detailing their damages, which were filed in court by and on behalf of the Petitioners in support of their motion for final judgment. Exhibit B.

**A.     List of Petitioners, addresses, social security numbers.**

1. Weinstock, Sharon Beth, individually, as Guardian for Geula Weinstock, and as Administrator of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

    Address: ▆

    Social Security No. ▆

2. Weinstock, Moshe Yaakov, individually, as Guardian for Geula Weinstock, and as Administrator of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

    Address: ▆

    Social Security No. ▆

3. Weinstock, Aryeh Tzvi

    Address: ▆

    Social Security No. ▆

4. Weinstock, Chaim Mishael

    Address: ▆

    Social Security No. ▆

5. Geula Bracha Weinstock by and through her legal guardians, Sharon Beth Weinstock and Moshe Yaakov Weinstock

    Address: ▆

    Social Security No. ▆

6. Estate of Yitzchak Weinstock by and through, estate administrators, Sharon Beth Weinstock and Moshe Yaakov Weinstock

    Address: ▆

Social Security No. ████

7. Estate of Dov Weinstock by and through, estate administrators, Sharon Beth Weinstock and Moshe Yaakov Weinstock

Address: ████

Social Security No. ████

8. Estate of Simon Dolgin by and through, estate administrators, Sharon Beth Weinstock and Moshe Yaakov Weinstock

Address: ████

Social Security No. ████

9. Estate of Shirley Dolgin by and through, estates administrators, Sharon Beth Weinstock and Moshe Yaakov Weinstock

Address: ████

Social Security No. ████

**B.   Description of the Property**

The subject properties, including the asset identifications and descriptions appear on the attached Exhibit C, which consists of the Notice of Forfeiture Action that the Government published in relation to the forfeiture action.

**C.   Interest in Property**

The Petitioners are petitioning for the remission of the property described herein because they are victims of the crime underlying the forfeiture of the forfeited property or related offense. See *Weinstock v. Islamic Republic of Iran*, No. 17-cv-23272, 2019 WL 1993778 (S.D. Fla. May 6, 2019).

In the event that the ruling official determines that the Petitioners do not qualify for remission of the property, I hereby request mitigation of the forfeiture to avoid extreme hardship.

See Decision in support of the Judgment entered in *Weinstock v. Islamic Republic of Iran*, civil case no. 17-cv-23272, 2019 WL 1993778; see also Declarations filed in court by or on behalf of Petitioners, submitted herewith.

**D.      Declaration**

I attest and declare under penalty of perjury that my petition is not frivolous, and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Dated: February 22, 2021

_____
Asher Perlin, for Petitioners

**E.      Sworn Notice of Representation**

I have retained the above-named attorney who has authority to represent me in this matter. I have fully reviewed the foregoing petition and found that its contents are truthful and accurate in every respect. I declare under penalty of perjury that the foregoing information is true and correct.

Dated:

_____
Sharon Beth Weinstock, individually,
as Guardian for Geula Weinstock, and as
Administrator of the Estates of Yitzchak
Weinstock, Dov Weinstock, Simon Dolgin,
and Shirley Dolgin

Dated:

_____
Moshe Yaakov Weinstock, individually,
as Guardian for Geula Weinstock, and as
Administrator of the Estates of Yitzchak
Weinstock, Dov Weinstock, Simon Dolgin,
and Shirley Dolgin

Dated:

_____
Aryeh Tzvi Weinstock

Dated:

_____
Chaim Mishael Weinstock,

A petition containing false information may subject the petitioner to criminal prosecution under Title 18 United States Code Section 1001 and Title 18 United States Code Section 1621.

See Decision in support of the Judgment entered in *Weinstock v. Islamic Republic of Iran*, civil case no. 17-cv-23272, 2019 WL 1993778; see also Declarations filed in court by or on behalf of Petitioners, submitted herewith.

### D. Declaration

I attest and declare under penalty of perjury that my petition is not frivolous, and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Dated: February 22, 2021

*/s/ Asher Perlin*
Asher Perlin, for Petitioners

### E. Sworn Notice of Representation

I have retained the above-named attorney who has authority to represent me in this matter. I have fully reviewed the foregoing petition and found that its contents are truthful and accurate in every respect. I declare under penalty of perjury that the foregoing information is true and correct.

Dated:

*/s/ Sharon Beth Weinstock*
Sharon Beth Weinstock, individually,
as Guardian for Geula Weinstock, and as
Administrator of the Estates of Yitzchak
Weinstock, Dov Weinstock, Simon Dolgin,
and Shirley Dolgin

Dated:

*/s/ Moshe Weinstock*
Moshe Yaakov Weinstock, individually,
as Guardian for Geula Weinstock, and as
Administrator of the Estates of Yitzchak
Weinstock, Dov Weinstock, Simon Dolgin,
and Shirley Dolgin

Dated:

_____
Aryeh Tzvi Weinstock

Dated:

_____
Chaim Mishael Weinstock,

A petition containing false information may subject the petitioner to criminal prosecution under Title 18 United States Code Section 1001 and Title 18 United States Code Section 1621.

See Decision in support of the Judgment entered in *Weinstock v. Islamic Republic of Iran*, civil case no. 17-cv-23272, 2019 WL 1993778; see also Declarations filed in court by or on behalf of Petitioners, submitted herewith.

D. **Declaration**

I attest and declare under penalty of perjury that my petition is not frivolous, and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Dated: February 22, 2021

*/s/ Asher Perlin*
Asher Perlin, for Petitioners

E. **Sworn Notice of Representation**

I have retained the above-named attorney who has authority to represent me in this matter. I have fully reviewed the foregoing petition and found that its contents are truthful and accurate in every respect. I declare under penalty of perjury that the foregoing information is true and correct.

Dated:

Sharon Beth Weinstock, individually, as Guardian for Geula Weinstock, and as Administrator of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

Dated:

Moshe Yaakov Weinstock, individually, as Guardian for Geula Weinstock, and as Administrator of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

Dated:

*/s/ Aryeh Weinstock*
Aryeh Tzvi Weinstock

Dated:

Chaim Mishael Weinstock,

A petition containing false information may subject the petitioner to criminal prosecution under Title 18 United States Code Section 1001 and Title 18 United States Code Section 1621.

Scanned with CamScanner

See Decision in support of the Judgment entered in *Weinstock v. Islamic Republic of Iran*, civil case no. 17-cv-23272, 2019 WL 1993778; see also Declarations filed in court by or on behalf of Petitioners, submitted herewith.

**D.      Declaration**

I attest and declare under penalty of perjury that my petition is not frivolous, and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Dated: February 22, 2021

_____
Asher Perlin, for Petitioners

**E.      Sworn Notice of Representation**

I have retained the above-named attorney who has authority to represent me in this matter. I have fully reviewed the foregoing petition and found that its contents are truthful and accurate in every respect. I declare under penalty of perjury that the foregoing information is true and correct.

Dated:

_____
Sharon Beth Weinstock, individually,
as Guardian for Geula Weinstock, and as
Administrator of the Estates of Yitzchak
Weinstock, Dov Weinstock, Simon Dolgin,
and Shirley Dolgin

Dated:

_____
Moshe Yaakov Weinstock, individually,
as Guardian for Geula Weinstock, and as
Administrator of the Estates of Yitzchak
Weinstock, Dov Weinstock, Simon Dolgin,
and Shirley Dolgin

Dated:

_____
Aryeh Tzvi Weinstock

Dated: February 22, 2021

_____
Chaim Mishael Weinstock,

A petition containing false information may subject the petitioner to criminal prosecution under Title 18 United States Code Section 1001 and Title 18 United States Code Section 1621.

4