UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS,<br><br>*In rem Defendants.* | Civil Action No. 20-2227 (RC) |

**CLAIMANT HUSAMETTIN KARATAS'S REPLY TO THE WEINSTOCK CLAIMANTS OPPOSITION TO HUSAMETTIN KARATAS'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF DISPOSITIVE MOTIONS**

Claimant Husamettin Karatas, by and through counsel, filed a Motion to Stay Discovery Pending Disposition of Dispositive Motions (the "Motion") [ECF 54]. The United States, through Brian Hudak, Esq., agreed that discovery should be stayed pending the disposition of dispositive motions except for discovery in Fed. R. Civ. P. Supp. G(6) which sets forth the government's ability to serve special interrogatories. The Weinstock Claimants filed an Opposition to the Motion to Stay Discovery Pending Disposition of Dispositive Motions on March 25, 2024, (the "Opposition") [ECF 57]. Mr. Karatas's Reply to the Opposition is set forth below.

**ARGUMENT SUMMARY**

The Court should resolve whether the Weinstock Claimants have standing to participate in these proceedings before allowing them to take discovery. In the Opposition, the Weinstock Claimants do not provide any exigency or legal argument to support the claim that discovery should proceed before the Court has ruled upon the pending dispositive motions. The Court set a schedule to end briefing on dispositive motions for May 16, 2023. This is the schedule that the United States, Mr. Karatas *and* the Weinstock Claimants jointly proposed.

The Weinstock Claimants consented to Motions to Stay for more than three years. In addition, they requested and received more than two additional months beyond the stays to answer the United States's 2020 Verified Complaint. Now, without additional factual support, they complain about general pains of delay of their own making and plead a burning need to depose Mr. Karatas, immediately. We submit that the legal and factual arguments set forth in the Opposition do not justify premature discovery.

For all the reasons stated in ECF 54, 55, 56 and herein, we request that the Court stay discovery until dispositive motions have been adjudicated. Below, we address the Weinstock Claimants' arguments as they appear in the Opposition.

## REPLY TO THE OPPOSITION "BACKGROUND" SECTION

**The Weinstock Claimants inaccurately describe the United States's grounds for forfeiture.**

The Weinstock Claimants attempt to describe the multiple theories upon which the United States claim forfeiture over the defendant properties in this *in rem* action. See ECF 57, pg. 1, "BACKGROUND" ¶1 ("This action was initiated by the government as an *in rem* action seeking forfeiture of certain properties (virtual currency assets and domain names) that *either belong to the Hamas terrorist organization or to others who provided material support and resources to Hamas.*) (emphasis added). Counsel for the Weinstock Claimants makes a material omission here, that is, the United States *also* asserts that it could forfeit Defendant Property 180--Mr. Karatas's property--solely on the theory that the defendant property was involved in a conspiracy to launder, and the laundering of monetary instruments intended to promote the carrying out the operation of an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. See 18 U.S.C. § 981(a)(1)(A).  [ECF 34, pgs. 1-2]. This theory of forfeiture requires no nexus with Hamas and therefore, the Weinstock Claimants' omission avoids highlighting a fact that makes irrelevant their

Hamas-focused claim to Defendant Property 180. This fact could become important during the merits phase of litigation, so we correct the misapprehension here for the record.

**The Weinstock Claimants Are Not Currently Privy to Conversations Between the United States and Counsel for Mr. Karatas about Mr. Karatas's Ongoing Criminal Investigation, Nor Should They Be.**

In the "Background" section of the Opposition, the Weinstock Claimants cite to the statutory and common law fugitive disentitlement doctrine as grounds to deny the Motion. The Weinstock Claimants attempt to stand in the shoes of the United States and assert, as their own, a statement plucked from the language of an April 9, 2021 Motion to Stay by the United States. *See* ECF 57, pg. 2 ("Throughout this proceeding, the government has maintained that Karatas is a fugitive from justice who has refused to submit to the jurisdiction of the federal court hearing his criminal case. *See* e.g., Motion to Stay, DE 16 at 8, 18 (noting that Karatas's claim should be stricken under the fugitive disentitlement doctrine))." The citation to the 2021 Motion is a flawed attempt to proffer evidence that Mr. Karatas is presently a fugitive and to otherwise establish the predicates necessary to invoke the fugitive disentitlement doctrine. Our response to the Weinstock Claimants' attempt to employ the fugitive disentitlement doctrine is more fully set forth below.

The current state of play is that the United States *has not* requested that Mr. Karatas be "stricken" under the fugitive disentitlement doctrine. The Weinstock Claimants are not the prosecutors of Mr. Karatas and concede in the Opposition, that they do not have a window into the conversations between undersigned counsel and the United States about Mr. Karatas's claim against Defendant Property 180 or his status with respect to the United States ongoing criminal investigation. See ECF 57, pg. 4 ("the Weinstocks are not aware of the status of the criminal investigation and proceedings or any negotiations between the government and Karatas.) These

issues and others should be flushed out in a procedurally orderly manner after threshold matters are resolved by this Court.

**A Stay is Appropriate Under the Court's Inherent Authority to Control Its Docket**

In the Opposition "BACKGROUND" section, the Weinstock Claimants labeled the presentation of this legal issue as being presented "*pro forma*" and failed to address the substance of the issue or the cases cited in the Motion. *See* ECF 57, pg. 3 ("In response to the Notice of Deposition, Karatas filed a *pro forma* motion to stay discovery. Karatas argues that discovery should be disallowed because Karatas and the government have filed dispositive motions to dismiss the Weinstocks' claims. Karatas's Motion to Stay, DE 54 at 3-4. Karatas cites the Court's 'inherent authority to control its docket' without explaining why that authority supports the motion to stay. *Id*. at 5."). Mr. Karatas's explanation for "why" is on pgs. 4-6 of the Motion.

**Mr. Karatas has a Fifth Amendment Privilege**

In the Opposition "BACKGROUND" section, counsel labeled the legal issue a "cut and paste" from the "government's earlier motions to stay" and then failed to address the substantive issue. This evasive sidestep highlights the strength of the fact that Mr. Karatas is named in an arrest warrant that remains an ongoing point of discussion between the United States and counsel for Mr. Karatas. The Weinstock Claimants do not assert factual or legal grounds to justify forcing Mr. Karatas to choose between his Fifth Amendment Privilege and defending his claim to Defendant Property 180 *before* it is established that the Weinstock Claimants even have standing to participate in this *in rem* proceeding. For the reasons stated in the Motion, pg. 6, Mr. Karatas should not be subjected to an untimely request to take his deposition by a co-claimant who has not survived scrutiny over their standing.

Counsel for the Weinstock Claimants elected not to address our argument that (1) A Stay is Appropriate Under the Distinctive Procedures that Govern a Civil Forfeiture Action *In Rem* Arising from a Federal Statute.  On this point, we stand on the facts and legal arguments made in ECF 54. Below, we address in order, the Weinstock Claimants' "Discussion" section (A) "Karatas's Motion to Stay should be denied pursuant to the statutory and common law fugitive disentitlement doctrine" and (B) "Karatas fails to carry his burden to justify a stay of discovery."

## ARGUMENT

**(A) The statutory and common law fugitive disentitlement doctrines do not provide a basis to deny the Motion.**

The Weinstock Claimants do not have standing to participate in this proceeding for all the reasons stated in ECF 55 and 56.  The United States has moved to strike them from this proceeding and until this threshold issue is resolved, the Weinstock Claimants' should be placed on hold, including calling for this Court to make factual findings relevant and necessary to determine whether Mr. Karatas could be subject to the statutory or common law fugitive disentitlement doctrine.

Counsel for the Weinstock Claimants has sewn a problematic web by claiming Mr. Karatas is disentitled. The Weinstock Claimants are asking this Court to allow them to leapfrog the standing analysis and take the deposition of Mr. Karatas but also to silence him because he is disentitled. Even more, they have chosen to bring a crossclaim against Mr. Karatas. Under F. R. Civ. P. 13(g), crossclaims are only allowed against *parties to the proceeding*. *See* ECF 55, pg. 7. As such, the Weinstock Claimants cannot simultaneously claim that Mr. Karatas is a party to the proceeding, subject to their cross claims, subject to discovery *and* that he is disentitled.

To solve this logical conundrum, the Weinstock Claimants, ask that Mr. Karatas *not be absolutely disentitled to assert his claim* but instead that he be silenced for purposes of this Motion.

ECF 57, pg. 5 (". . . the Weinstocks request only that the Court strike or deny Karatas's motion to stay under both the statutory and common law fugitive disentitlement doctrines.) In making this argument, the Weinstock Claimants ask this Court to be the first to ever permit a co-claimant, rather than the United States, to invoke the fugitive disentitlement doctrine to strike one pleading filed by a co-claimant. The Weinstock Claimants offer no relevant legal authority for this *sui generis* proposition.

Instead, the Weinstock Claimants cite generally to three cases that discuss the statutory and common law fugitive disentitlement doctrine, when invoked by the government. See ECF 57, pg. 5, citing *Degen v. United States*, 517 U.S. 820, 827 (1996) (fugitive disentitlement doctrine did not permit District Court to strike a claimant's filings in a forfeiture suit and grant summary judgment against him for failing to appear in a related criminal prosecution; government invocation of fugitive disentitlement doctrine denied); *United States v. $6,976,934.65*, 478 F. Supp. 2d 30, 36 (D.D.C. 2007) (analyzing the factual predicate for invoking fugitive disentitlement and converting the government's motion to strike under 28 U.S.C. §2466 to one for partial summary judgment under Rule 56; motion denied without prejudice); *Ajaka v. Gacki*, 557 F.Supp.3d 45, 49-50 (D.D.C. 2021) (government's attempt to invoke the doctrine failed because it did not demonstrate an "adequate connection" whereas a sufficient connection must "affect[ ] the court's ability to carry out its judicial business [ ]or prejudice[ ] the *government* as a litigant," citing *Daccarett-Ghia v. Comm'r of Internal Revenue Serv.*, 70 F.3d 621, 626 (D.C. Cir. 1995) (emphasis added)).

The cases cited by the Weinstock Claimants do not provide legal support to strike consideration of Mr. Karatas's Motion on a fugitive disentitlement theory. None of these cases recognize a non-governmental, co-claimant's ability to invoke the doctrine in any event. In fact,

the Court's analysis in each of the cases cited by the Weinstock Claimants works strongly in favor of Mr. Karatas, even if he was a fugitive.

For example, the *Degen* court found that there was no necessity to justify the striking of Degan's filings and to grant judgment against him. *Degen v. United States*, 517 U.S. at 829. To do so, "would be an excessive response to the concerns here advanced." *Degen*, at 829. The Court reasoned that it could resolve the matters at hand and employ alternative means of protecting the *government's* interests, despite Mr. Degen's absence. *Id.* at 827-28 (emphasis added). Like Mr. Degen, the concerns advanced by Mr. Karatas in his Motion entitle him to no identifiable advantage at this stage in the litigation. Instead, Mr. Karatas is seeking to delay being subjected to costly discovery until the Court determines that the Weinstock Claimants have standing to subject him to that discovery. The United States has lodged no complaint that the Motion would subject them to a disadvantage. Quite the contrary, the United States join in the Motion.

Even if the Weinstock Claimants' attempt to *partially* employ the fugitive disentitlement doctrine was not logically warped and without authority, the Weinstock Claimants have not met their burden to establish that the Court should, in its sound discretion, invoke the disentitlement statute upon a finding that: (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in the custody in another jurisdiction; and (5) the claimant must have deliberately avoided prosecution by (A) purposefully leaving the United States; (B) declining to enter or reenter the United States, or (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant. *United States v. $6,976,934.65*, 478 F. Supp. 2d at 39 citing *Collazos v. United States*, 368 F.3d 190, 198 (2d Cir.2004). The

Weinstock Claimants' citation to one sentence from the United States's Motion to Stay pleading from April 2021 does not meet the factual predicate necessary to establish the applicability of the doctrine.

For all of these reasons, the Court should decline the Weinstock Claimants invitation to create a wholly new application of the fugitive disentitlement doctrine to a co-claimants' request to strike one pleading in an *in rem* forfeiture action brought by the United States. The Court should also deny the Weinstock Claimants' request because the factual predicate necessary to establish any application of the statutory or common law fugitive disentitlement doctrine has not been met.

**(B)  Karatas submits sufficient grounds to justify a stay of discovery.**

The Weinstock Claimants' understandable outrage over personal loss that led to a judgment against Hamas does not justify their procedurally and substantively improper pursuit to take premature discovery from Mr. Karatas. The Weinstock Claimants admit they do not have a judgment against Mr. Karatas. ECF 57, pg. 2. Further, there has been no ruling that the Weinstock Claimants can legally participate in this proceeding. The Court should stay discovery, unless and until standing has been established, to promote efficiency and to shield Mr. Karatas (and the United States) from being subjected to time consuming and costly discovery.

Counsel for the Weinstock Claimants avers that Mr. Karatas did not spell out the costs of taking, even a remote, deposition. If it is not abundantly clear how a deposition is costly, the costs include: paying attorneys in both Turkey and the United States to prepare for the deposition, costs of paying attorneys in both Turkey and the United States for the deposition itself, the cost of setting up technology and making space accommodations in Turkey for Mr. Karatas to sit for the deposition, costs to prepare documents and data for use during the deposition, translation of documents, interpreting services, to name a few. At this stage in the litigation, a major cost is also

allowing a co-claimant, who does not have standing, to force Mr. Karatas to choose between exercising his 5th Amendment privilege or to waive it to protect his property. The Weinstock Claimants will and should have an opportunity to present their Opposition to the Motions to Dismiss. Finally, the Weinstock Claimant's premature, declaratory statement that that the United States's and Mr. Karatas's Motions are "likely to fail," merely stresses the importance of putting discovery on hold until the Court can evaluate that bald assertion.

## **CONCLUSION**

For the foregoing reasons, Mr. Karatas, by counsel, respectfully submits that the motion to stay discovery should be granted.

Respectfully Submitted,

Husamettin Karatas
BY COUNSEL

Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C. 20005
Phone 202-549-0425
andrea@kmlawfirm.com

**C E R T I F I C A T E**

   I hereby certify that on <u>April 1, 2024</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____
Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C.  20005
Phone 202-549-0425
andrea@kmlawfirm.com