UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, et al.,<br><br>       Defendants in rem,<br><br>HUSAMETTIN KARATAS,<br><br>       Claimant,<br><br>  - and -<br><br>SHARON BETH WEINSTOCK, et al.,<br><br>       Claimants. | Civil Action No. 20-2227 (RC) |

## CONSENT MOTION TO STAY AND TO SET SCHEDULE

Plaintiff the United States of America ("United States" or "Government") respectfully moves the Court to stay briefing on all pending motions and to set a schedule for its anticipated motion for leave to amend the complaint in this action. Through counsel, Claimant Husamettin Karatas ("Karatas") and Claimants Sharon Beth Weinstock and others (the "Weinstock Claimants") (collectively, "Claimants") consent to the relief sought by this motion.

Though this action, the United States seeks to forfeit fifty-three cryptocurrency accounts based on alleged connections to Hamas and money laundering. *See generally* Compl. Karatas has filed a verified claim and answer in this action against one defendant property, Defendant Property 180, claiming to own it. *See* Karatas Claim, ECF No. 5. The Weinstock Claimants have filed a verified claim, answer, counterclaim against the United States, and crossclaim against

Karatas, contending that all Defendant Properties should be turned over to them in satisfaction of their judgment against Hamas.

Presently pending before the Court are: (1) the Government's motion to strike the Weinstock Claimants' claim and answer and dismiss its counterclaim against the United States (ECF No. 56); (2) Karatas's motion to strike the Weinstock Claimants' answer and crossclaim against him (ECF No. 55); (3) Karatas's motion to stay discovery (ECF No. 54); and (4) the Weinstock Claimants' motion for summary judgment (ECF No. 59). The next briefing deadlines call for the Weinstock Claimants to oppose the dispositive motions filed by the Government and Karatas (nos. 1 and 2 above) by May 2, 2024, and for the Government and Karatas to oppose the Weinstock Claimants' motion for summary judgment by May 3, 2024.

In parallel to briefing, the United States has reviewed the facts underlying this matter. As a result of that review, the United States no longer believes that it has grounds to forfeit Defendant Property 180—i.e., the United States no longer believes that Defendant Property 180 was (a) the property of a perpetrator of a federal crime of terrorism or provided a person a source of influence over such a perpetrator, or (b) involved in a money laundering conspiracy. Accordingly, the United States intends to seek leave to amend its complaint in this action to dismiss Defendant Property 180 as a defendant in this suit.

If leave is granted, and the United States is permitted to amend its complaint, several of the pending motions and existing pleadings will be mooted. *See, e.g.*, *Easter v. District of Columbia*, 128 F. Supp. 3d 173, 177 (D.D.C. 2015) (Sullivan, J.) ("Where the court grants the Plaintiff's motion for leave to file an amended complaint, the amended complaint supersedes the prior operative complaint. Any pending motions to dismiss the prior operative complaint may be dismissed without prejudice as moot." (citations omitted)). Also, if the Court permits the United

States to amend its complaint, it will require the Weinstock Claimants to file a new answer to the new pleading, which would be the new target for a renewed motion to strike filed by the Government.

Given the potential mooting effects of an amended complaint in this case, the United States respectfully requests that all current briefing be stayed until the Court determines whether it will permit one. Additionally, to establish a briefing schedule for the United States' anticipated motion for leave to amend, the parties met and conferred, and the United States proposes the following schedule: (i) the United States shall file its motion for leave to amend the complaint on or before May 24, 2024; (ii) any opposition to that motion shall be filed on or before June 14, 2024; and (iii) the United States shall have through and including June 28, 2024, to file any reply. Lastly, the parties have agreed to stay discovery pending the outcome of the United States' anticipated motion for leave to amend.

WHEREFORE, for the foregoing reasons, the United States respectfully requests the Court stay briefing on all pending motions and enter the above proposed schedule to govern the United States' anticipated motion for leave to amend. A proposed order is enclosed herewith.

| | |
|---|---|
| Dated: May 1, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>By:   */s/ Brian P. Hudak*<br>BRIAN P. HUDAK<br>Chief, Civil Division<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2549<br><br>*Attorneys for the United States of America* |