UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, et al.,<br><br>    Defendants in rem,<br><br>HUSAMETTIN KARATAS,<br><br>    Claimant,<br><br>- and -<br><br>SHARON BETH WEINSTOCK, et al.,<br><br>    Claimants. | Civil Action No. 20-2227 (RC) |

## UNITED STATES' MOTION FOR LEAVE TO AMEND

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2), Plaintiff the United States of America (the "United States" or "Government") respectfully moves for leave to amend its complaint in this in rem forfeiture action. Government counsel understands that Claimant Husamettin Karatas consents to this motion while Claimants Sharon Beth Weinstock and others (the "Weinstock Claimants") reserve their rights to oppose this motion under the schedule set by the Court after reviewing this motion and the United States' proposed amended complaint, which is enclosed herewith as Exhibit A ("Mot. Ex. A"). A redline comparing the text of the initial complaint (ECF No. 1) and the proposed amended complaint is also enclosed herewith as Motion Exhibit B. The grounds for this motion are as follows.

**PROCEDURAL HISTORY**

Though this action, the United States seeks to forfeit, among other properties, fifty-three cryptocurrency accounts based on alleged connections to Hamas and money laundering. *See generally* Compl., ECF No. 1. Karatas has filed a verified claim and answer in this action against one defendant property, Defendant Property 180, claiming to own it. *See* Karatas Claim, ECF No. 5. The Weinstock Claimants have filed a verified claim, answer, counterclaim against the United States, and crossclaim against Karatas, contending that all Defendant Properties should be turned over to them in satisfaction of their judgment against Hamas.

In parallel to briefing certain dispositive motions,[1] the United States reviewed the facts underlying this matter. As a result of that review, the United States no longer believes that it has grounds to forfeit Defendant Property 180—i.e., the United States no longer believes that Defendant Property 180 was (a) the property of a perpetrator of a federal crime of terrorism or provided a person a source of influence over such a perpetrator, or (b) involved in a money laundering conspiracy (either to promote providing material support to a foreign terrorist organization or to promote carrying on an unlicensed money transmitting business).

After reaching that conclusion, the United States met and conferred with Karatas and Weinstock Claimants, and the United States with Claimants' consent filed a motion to stay briefing on the currently pending motions and to set a schedule to govern briefing on this motion for leave to amend. Mot. to Stay & Set Schedule, ECF No. 61. The Court granted that motion on May 2, 2024. Min. Order of May 2, 2024.

---

[1] Presently pending before the Court are: (1) the Government's motion to strike the Weinstock Claimants' claim and answer and dismiss its counterclaim against the United States (ECF No. 56); (2) Karatas's motion to strike the Weinstock Claimants' answer and crossclaim against him (ECF No. 55); (3) Karatas's motion to stay discovery (ECF No. 54); and (4) the Weinstock Claimants' motion for summary judgment (ECF No. 59).

**DISCUSSION**

Before briefing continues on the parties' initial dispositive motions, the United States seeks leave to amend its complaint to drop one of the fifty-three virtual currency accounts that are part of the Defendant Properties in this action—Defendant Property 180—because it no longer believes that property is forfeitable. For similar reasons, the United States seeks an amendment to omit 18 U.S.C. § 1960 as a specified unlawful activity for its money laundering forfeiture count and the paragraphs of the original complaint relevant to that theory.

Rule 15 "governs motions for leave to amend a complaint." *Calixto v. Dep't of Army*, Civ. A. No. 18-1551 (PLF), 2021 WL 2253351, at *3 (D.D.C. June 3, 2021) (granting leave to amend complaint). If a party seeks to amend more than twenty-one days after service of a responsive pleading, a party must seek leave of court to amend its pleading. Fed. R. Civ. P. 15(a). A court's decision to permit amendment "is within the discretion of the district court: Leave to amend should be freely given when justice so requires." *Calixto*, 2021 WL 2253351, at *3 (cleaned up; citing Fed. R. Civ. P. 15(a)(2)). "Because courts liberally apply Rule 15 when deciding whether to allow amendments, the nonmoving party generally 'carries the burden in persuading the court to deny leave to amend.'" *Id.* (quoting *Jackson v. Teamsters Loc. Union 922*, 991 F. Supp. 2d 64, 67 (D.D.C. 2013) (Boasberg, J.) (granting leave to amend complaint); additional citations omitted). Indeed, "[i]t is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive, or futility of amendment.'" *Calixto*, 2021 WL 2253351, at *3 (cleaned up; quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), and *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Notably, courts routinely grant a plaintiff leave to amend to conform its pleading to available information. *See, e.g.*, *Wharf, Inc. v. District of Columbia*, 321 F.R.D. 25, 31 (D.D.C. 2017) (Kollar-Kotelly, J.) (granting leave to amend to include additional facts); *Robinson v. CAS*

*4000 Kan. LLC*, 5 F. Supp. 3d 108, 110 (D.D.C. 2013) (Contreras, J.) (permitting plaintiff to amend to "plead additional facts supporting his [legal] theory"); *Hough v. Petty*, Civ. A. No. 21-4568, 2023 WL 7687866, at *4 (E.D.N.Y. Oct. 10, 2023) (permitting amendment; "the materials and allegations plaintiff seeks to add to the Amended Complaint are directly relevant to, and support, the existing causes of action contained in the Amended Complaint" (citing *Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000) (reversing denial of motion to amend to add "relevant facts" revealed in discovery))); *Bowling v. Dep't of Pub. Safety & Corr. Servs.*, Civ. A. No. 23-1785, 2024 WL 1676727, at *3 (D. Md. Apr. 18, 2024) (granting motion for leave to amend to plead additional facts; "The proposed amendments survive Rule 15, as the amendments do not prejudice any party, the case is in its nascent stage, the amendments are not clearly insufficient or frivolous on their face, and Plaintiff has not acted in bad faith.").

As noted above, the United States seeks leave to amend here for a limited purpose—to eliminate one tranche of cryptocurrency as a defendant in this in rem proceeding because it no longer believes it is subject to forfeiture based on its review of the evidence. That is, United States seeks not to reframe this case or to add additional claims or parties. Instead, based on its review of the evidence, the United States seeks to drop a defendant it no longer believes it has a viable claim against. Additionally, for similar reasons, the United States proposes to omit 18 U.S.C. § 1960 as a specified unlawful activity for its money laundering forfeiture count and the paragraphs of the original complaint relevant to that theory. *See, e.g.*, Compl. (ECF No. 1) ¶¶ 13–18, 116. This is a plainly permissible amendment, and one that the law requires the United States to seek. *See, e.g.*, *United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992) (federal law "imposes a continuing obligation on attorneys by prohibiting the persistent prosecution of a meritless claim" (quoting *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (en banc)); *Jolly*

*Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (federal law "impose[s] a continuing duty upon attorneys to dismiss claims that are no longer viable").

Against this permissible purpose, there are no counterbalancing reasons to deny an amendment. Despite pending for four years, this case has remained dormant until recently. Accordingly, no party will suffer any cognizable prejudice as significant litigation in this action has yet to commence. Moreover, the pending dispositive motions, though rendered moot by an amendment, *see Gray v. D.C. Pub. Sch.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010) (collecting citations; "when a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot"), can readily be refiled as appropriate without substantial burdens as the issues presented in those motions—i.e., whether the Weinstock Claimants have standing in this action and whether they are entitled to summary judgment on the present record—will be largely undisturbed by the United States' proposed amendment.

* * *

## CONCLUSION

For the foregoing reasons, the Court should grant the United States leave to amend its complaint, direct the United States to take prompt efforts to return Defendant Property 180 to its status quo before it was seized in connection with this action, deny all pending motions without prejudice as moot, and direct the parties to meet and confer on a schedule to govern further proceedings in this action. A proposed order is enclosed herewith.

| | |
|---|---|
| Dated: May 24, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>By:  */s/ Brian P. Hudak*<br>    BRIAN P. HUDAK<br>    Chief, Civil Division<br>    601 D Street, NW<br>    Washington, DC 20530<br>    (202) 252-2549<br><br>*Attorneys for the United States of America* |