UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

          Defendants.

Civil Action No. 1:20-cv-02227-RC

---

## THE WEINSTOCKS' PARTIAL OPPOSITION TO
## THE GOVERNMENT'S MOTION FOR LEAVE TO AMEND

### Introduction

Pursuant to the Court's order of June 14, 2024, the Weinstock Claimants respectfully file this Partial Opposition to the Government's Motion for Leave to Amend (DE 62).

Though nominally captioned as a "Motion for Leave to Amend" the Government's Motion actually seeks – in a request unobtrusively tucked into the penultimate sentence of its Motion and its proposed order – <u>four different types of relief</u>. The Motion requests:

1) Leave to file an amended complaint;

2) That the parties meet and confer on a schedule for further proceedings;

3) That all pending motions be denied without prejudice; and

4) That the Court direct the Government "**to return Defendant Property 180 to its status quo before it was seized in connection with this action**."

(*Id*. at 6).

As a purely procedural matter, the Weinstock Claimants ("Weinstocks") do not oppose the items of relief designated above as nos. 1-3, subject to the caveats below:

1) The Weinstocks dispute the assertions made in the Motion; and

2) The Weinstocks do not waive or forfeit, and expressly preserve, all substantive and procedural rights, defenses, claims, and arguments in this matter against the Government and against Claimant/Cross-Claim Defendant Husamettin Karatas, including without limitation their counterclaims against the Government and their crossclaims against Karatas and all defenses, claims, and arguments in respect to the Government's Amended Complaint.

Subject to the above, the Weinstocks do not oppose items of relief nos. 1-3.

By contrast, however, the Weinstocks strongly oppose the fourth item of relief listed above – *i.e.*, an order directing the Government "to return Defendant Property 180 to its status quo before it was seized in connection with this action." As shown below, the Government has no standing or legal grounds to obtain such an order, the practical effect (and evidently the purpose) of which would be to spirit Property 180 beyond the reach of the U.S. courts and extinguish the Weinstocks' pending proceedings to enforce their judgment against Property 180, in flagrant violation of the Weinstocks' lien on that Property.

Accordingly, for the reasons set forth below, the Court should deny this prong of the Government's motion. A proposed Order is attached hereto.

## RELEVANT BACKGROUND

The Weinstocks are the family members (and the estates of deceased family members) of Yitzchak Weinstock, a 19-year-old American citizen who was murdered in a terrorist shooting attack carried out by the Hamas terrorist organization. On May 17, 2019, the Weinstocks obtained a final judgment in the U.S. District Court for the Southern District of Florida against Hamas,

under the Antiterrorism Act, 18 U.S.C. § 2333 ("Judgment"). *See Weinstock v. Islamic Republic of Iran, et al.*, 2019 WL 1993778, (S.D. Fla. May 6, 2019). The amount of the Judgment (before post-judgment interest) is $78,873,000. The Judgment remains entirely unsatisfied.

The Judgment was registered in this Court pursuant to 28 U.S.C. § 1963. *Weinstock v. Islamic Republic of Iran, et al*. 23-mc-00050 (D.D.C.). The Judgment thus has "the same effect as a judgment of" this Court, and "may be enforced in like manner." 28 U.S.C. § 1963. Pursuant to Fed. R. Civ. P. 69(a)(1), District of Columbia law governs proceedings to enforce the Judgment. *Bayani v. Islamic Republic of Iran*, 2021 WL 6805390, at *1 (D.D.C. Mar. 31, 2021) ("Pursuant to Federal Rule of Civil Procedure 69(a)(1), 'the procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located.' Fed. R. Civ. P. 69(a)(1)." (cleaned up).

On February 15, 2024, the Weinstocks filed their Answer to the Government's Complaint, in which they asserted crossclaims against Karatas and counterclaims against the Government. (DE 53). The Weinstocks asserted their crossclaims and counterclaims in the form of a creditor's bill to enforce their Judgment. (*Id*. at ¶¶ 128-151) "A judgment creditor's bill is in essence an equitable execution comparable to proceedings supplementary to execution." *Pierce v. United States*, 255 U.S. 398, 401-02 (1921). *Cf. Grupo Mexicano de Desarrollo v. All. Bond Fund, Inc*., 527 U.S. 308, 319 (1999) (discussing the "equitable action known as a 'creditor's bill.'").

Under District of Columbia law (applicable here pursuant to Rule 69(a)(1)) the filing of a creditor's bill creates a lien on the assets sought. *Arlington Brewing v. Wyvill*, 35 App. D.C. 589, 593 (D.C. Cir. 1910); *Weightman v. Washington Critic*, 4 App. D.C. 136, 143 (D.C. Cir. 1894).

In their creditor's bill, the Weinstocks' seek turnover of all Defendant Properties described in the Government's Complaint, in satisfaction of their Judgment. One of those Defendant Properties is Property 180, regarding which Karatas also filed a claim. (DE 5).

In its Motion, the Government has informed the Court and the parties that it no longer seeks to forfeit Property 180. Accordingly, Property 180 is no longer the subject of a three-way dispute between the Government, the Weinstocks and Karatas. Rather, the dispute over Property 180 is now solely between Weinstocks and Karatas, and that dispute will eventually be resolved in the context of the Weinstocks' creditor's bill.

Until that time, Property 180 remains frozen by the lien created by the Weinstocks' creditor's bill. *Arlington Brewing*, 35 App. D.C. at 593; *Weightman*, 4 App. D.C. at 143.

## ARGUMENT

As shown below, the Government's motion to dispose of Property 180 should be denied (i) for lack of standing, (ii) for violation of Local Civil Rule 7(a), and/or (iii) on the merits.[1]

### I.    The Government Lacks Standing

The Government seeks an order directing it "to take prompt efforts to return Defendant Property 180 to its status quo before it was seized in connection with this action." (Motion at 6). The Government is perfectly free to unilaterally discontinue its proceedings and drop its own restraint on Property 180 whenever it wants to – it needs no court order to do so.

But, the Government is asking the Court to affirmatively order it to "return Defendant Property 180 to its status quo" (*id.*) before it was seized by the Government – *i.e.*, return it to the possession and/or control of Mr. Karatas (a resident of Turkey).

---

[1]    The order of the arguments indicates nothing about their respective strengths. The Weinstocks use this order only because arguments (i) and (ii) are threshold issues and so logically precede the merits.

But the Government lacks any standing to seek this relief. "Under Article III, a party who invokes the court's authority must have suffered an injury in fact—an invasion of a <u>legally protected interest</u> which is … concrete and particularized." *Bauer v. Marmara*, 774 F.3d 1026, 1032 (D.C. Cir. 2014) (cleaned up) (emphasis added). The Government has decided to drop all claims to Property 180. It therefore has no "legally protected interest" in Property 180, and no standing to "invoke[] the court's authority" to dispose of that Property.

In other words, the sole "case and controversy" regarding Property 180 is now between the Weinstocks and Karatas only; when the Government withdrew its claim to Property 180, it placed itself outside any Article III "case and controversy" regarding this Property. It is well established that "an intervening event may render a claim moot" under Article III. *Colorado Wild Pub. Lands v. U.S. Forest Serv.*, 691 F. Supp. 3d 149, 171 (D.D.C. 2023).

Importantly, moreover, an intervening event that renders moot a <u>particular</u> dispute within a proceeding does not moot any other disputes within the same proceeding that remain live cases and controversies. "A case is not moot … so long as any single claim for relief remains viable, as the remaining live issues satisfy the case-or-controversy requirement." *Rumber v. D.C.*, 598 F. Supp. 2d 97, 112 (D.D.C. 2009). *Cf. Powell v. IRS*, 2022 WL 2355418, at *2 (D.D.C. June 30, 2022) (performing an item-by-item analysis to determine which disputes remain live controversies under Article III and which had been mooted).

Thus, while the Government removed <u>itself</u> from the dispute over Property 180 and so lost standing to seek relief in respect thereto, the <u>dispute between the Weinstocks and </u>Karatas over Property 180, and all other disputes in this proceeding, remain live cases and controversies.

The Government has no standing to act as a guardian ad litem for Karatas, who is a party to these proceedings and is represented by experienced counsel. It is up to Karatas and his counsel

to decide what, if any, challenges are raised regarding the Weinstocks' enforcement proceedings against Property 180. The Government cannot do so because it has no "dog in the race." "[I]f the only party with standing declines to pursue a claim or defense, a third-party that lacks standing cannot step into the shoes of the principal party and continue to litigate that claim or defense." *Mayor & City Council of Baltimore v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. CV 23-3762 (RDM), 2024 WL 3082271, at *7 (D.D.C. June 21, 2024).

## II.   The Request Should Be Summarily Denied for Violation of Local Civil Rule 7(a)

Even assuming that the Government had standing to seek relief related to the disposition of Property 180, this prong of the Government's motion should be summarily denied for noncompliance with Local Civil Rule 7(a). That rule provides in relevant part that: "Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." (*Id*.).

But the Government's motion is devoted entirely to its application to file an amended complaint, and provides absolutely no grounds, argument or citations to authority in support of its request to dispose of Property 180. Instead, the Government baldly requests this relief; it provides no legal or factual basis for this element of relief. And, it buried the request at the end of a single compound sentence placed at the end of its Motion. (*Id*. at 6).

Thus, in respect to this prong of its Motion, the Government blatantly violated Local Civil Rule 7(a). And it is well established that a movant's failure to comply with Local Civil Rule 7(a) requires summary denial of the motion. "[D]espite Defendants' assertion that summary judgment … is appropriate, Defendants have failed to include any factual or legal support for that conclusion. Indeed, Defendants' entire discussion of this issue is relegated to a single sentence at the close of Defendants' briefing … without citation to any legal authority ... The Court ... need not resolve

6

this issue at this juncture, in light of Defendants' failure to proffer any factual or legal authority in support of its motion … in violation of local rules. *See* LCvR 7(a) … Accordingly, the Court shall deny Defendants' motion …." *Red Lake Band of Chippewa Indians v. U.S. Dep't of Interior*, 624 F. Supp. 2d 1, 26-27 (D.D.C. 2009) (emphasis added). *Cf. Pizarro v. Mead*, 2022 WL 3681720, at *5 (D.D.C. Aug. 25, 2022) ("Local Civil Rule 7(a) requires each motion to 'include or be accompanied by a statement of the specific points of law and authority that support the motion.' LCvR 7(a). Mr. Pizarro has provided no legal basis" in support of the remedy sought by him); *Schoenman v. F.B.I.*, 857 F. Supp. 2d 76, 82 n.6 (D.D.C. 2012) (Movant is "obligated to set forth the entire basis for his motion in his supporting memorandum. *See* LCvR 7(a).") (emphasis added).

Exactly so here: the Government "was obligated to set forth the entire basis for [its] motion in [its] supporting memorandum" (*Schoenman*) but failed "to proffer any factual or legal authority in support" (*Red Lake*) of its request to dispose of Property 180. Instead, mirroring the litigant in *Red Lake*, the Government's sole reference to this relief "is relegated to a single sentence at the close of [its] briefing … without citation to any legal authority." (*Id*.). Therefore, as a threshold matter, the Court should summarily deny this prong of the motion.

**III.     The Request to Dispose of Property 180 Should Be Denied On the Merits**

Additionally or alternatively, the Government's request to dispose of Property 180 should be denied on the merits.

As discussed above, the Government can unilaterally drop its own claims against Property 180. But the Government is asking the Court to affirmatively order it to "return Defendant Property 180 to its status quo" (*id*.) *i.e.*, to place it into the possession and/or control of Karatas.

The effect of such an order would be to effectively extinguish the Weinstocks' enforcement proceedings by whisking Property 180 away, beyond the reach of the U.S. courts.

7

This the Government cannot do. Its demand to return Property 180 to the status quo ante (*i.e.,* to return it to the control or possession of Karatas), must be denied, because in the interim the Weinstocks have established a lien on Property 180 by initiating a creditor's bill. *Arlington Brewing*, 35 App. D.C. at 593; *Weightman*, 4 App. D.C. at 143.

The Government cannot turn back the clock. While the Weinstocks' intervening creditor's bill is pending, Property 180 remains subject to the Weinstocks' lien and cannot be released, moved, alienated, transferred, liquidated, expatriated or otherwise disposed of. Simply put, Property 180 is frozen in place by operation of the Weinstocks' creditor's bill, and must remain so during the pendency of the creditor's bill proceedings.

Accordingly, the Government and Karatas are prohibited from making any disposition whatsoever of Property 180, or otherwise violating the Weinstocks' lien and their rights thereunder, and the Government's motion for authorization to return Property 180 "to its status quo before it was seized in connection with this action" should be denied.

## CONCLUSION

The Government's request that the Court direct it "to return Defendant Property 180 to its status quo before it was seized in connection with this action" should be denied.

Dated: June 24, 2024                    Respectfully submitted,

By: /s/ Asher Perlin
Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on June 24, 2024, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants