**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————

UNITED STATES OF AMERICA,

               Plaintiff,

               Civil Action No. 1:20-cv-02227-RC

    v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

               Defendants.

———————————————————————

**THE WEINSTOCK CLAIMANT'S NOTICE**
**REGARDING THE GOVERNMENT'S REPLY (DE 65)**

      The Weinstock Claimants are respectfully and regrettably constrained to file this Notice to alert the Court to the procedural ambush the Government has laid in this proceeding, in order to avert the potentially severe and irremediable prejudice to the Weinstock Claimants that would otherwise result from the Government's bad-faith litigation conduct.

      On May 24, 2024, the Government filed a Motion for Leave to Amend seeking several types of relief, including an order to dispose of Property 180 adversely to the Weinstocks. (DE 62). The Weinstocks' response strongly opposed this prong of the motion for several reasons: (1) Property 180 is subject to the Weinstocks' lien and pending cross-claim creditor's bill against Mr. Karatas; (2) the Government now lacks Article III standing regarding Property 180; and (3) the Government <u>utterly failed to even attempt to provide any grounds whatsoever in support of such relief</u>. (DE 64). Indeed, the motion contains not a single word in support of the request for this relief – a request the Government slipped silently into the penultimate sentence of the motion.

Now, the Government has filed a 16-page Reply which presents for the first time arguments in purported support of its request to dispose of Property 180 – arguments that should have been included in its opening motion. *J.T.F. v. D.C.*, No. CV 21-1453 (RC), 2024 WL 2880414, at *7 (D.D.C. June 7, 2024) ("the Court declines the District's invitation to dismiss Plaintiffs' remaining claims based on arguments raised for the first time in reply.").

This is not a garden-variety case of a litigant making a new argument or two in a reply; here, the Government refrained from including any grounds for this relief in its motion, and instead intentionally waited to assert all its arguments in its reply, in a bad-faith effort to sandbag the Weinstocks and deny them any chance to respond. Those arguments were thus waived. *J.T.F., id*. ("Because the District raised this argument for the first time in its reply brief, it is waived.") (cleaned up).

Since the Government's arguments regarding Property 180 were all raised untimely and so waived, and given that the Weinstocks have consented to the request to amend the complaint, the Court should permit the amendment, deny the request to dispose of Property 180, and leave the disposition of Property 180 (an issue irrelevant to amendment of the complaint that did not belong in the motion to amend in the first place) for future resolution in the context of the Weinstocks' enforcement proceedings against Karatas.

However, if the Court nonetheless intends to consider the disposition of Property 180 now, the Weinstocks should be given a fair opportunity to move for leave to file a surreply addressing the raft of newly-minted arguments presented by the Government for the first time in its Reply. *Tyson v. United States Postal Serv.*, No. CV 22-3715 (RC), 2024 WL 1344461, at *7 (D.D.C. Mar. 29, 2024) (leave to file a surreply "may be granted when the party seeking to file a sur-reply is replying to arguments made for the first time in the opposing party's reply brief.").

Accordingly – and unless the Court indicates otherwise – the Weinstocks respectfully intend to file a motion for leave to file a surreply on or before July 22, 2024.

Dated: July 9, 2024                                    Respectfully submitted,

By:_/s/ Asher Perlin_____

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

*Counsel for the Weinstock Claimants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on July 9, 2024, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants