UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

        Defendants.

---

Civil Action No. 1:20-cv-02227-RC

### **THE WEINSTOCK CLAIMANTS' MOTION TO FILE A SURREPLY**

For the reasons set forth in the attached Memorandum, the Weinstocks respectfully move for an Order permitting them to file the attached proposed Surreply.

A proposed Order is attached hereto.

Dated: July 30, 2024

Respectfully submitted,

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

            Defendants.

Civil Action No. 1:20-cv-02227-RC

---

**MEMORANDUM IN SUPPORT OF**
**THE WEINSTOCK CLAIMANTS' MOTION TO FILE A SURREPLY**

As this Court has noted, leave to file a surreply "may be granted when the party seeking to file a sur-reply is replying to arguments made for the first time in the opposing party's reply brief." *Tyson v. United States Postal Serv.*, No. CV 22-3715(RC), 2024 WL 1344461, at *7 (D.D.C. Mar. 29, 2024). That is exactly what the Government has done in this case.

The Government filed a Motion for Leave to Amend seeking several types of relief, including an order to dispose of Property 180 adversely to the Weinstocks. (DE 62). But the motion contains <u>not a single word</u> in support of the request to dispose of Property 180 (a request mentioned only once, unobtrusively, in the penultimate sentence of the motion).

After the Weinstocks filed their opposition to the Government's request to dispose of Property 180, the Government filed a Reply improperly presenting for the first time 16 pages (!) of arguments in putative support of the request to dispose of Property 180. All of those grounds could – and should – have been included in the Government's opening motion.

2

Simply put, the Government has laid a procedural ambush. It refrained from including in its motion <u>any grounds whatsoever</u> in support for its request to dispose of Property 180 adversely to the Weinstocks, and instead waited to assert <u>all its arguments in its reply</u>. In other words, the Government has attempted to sandbag the Weinstocks and deny them a chance to respond.

The Court should not countenance this state of affairs. Consistent with this Court's decision in *Tyson*, the Weinstocks should be given a fair opportunity to respond to the Government's untimely new arguments, by permitting them to file the Surreply attached hereto.

Dated: July 30, 2024                                    Respectfully submitted,

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on July 30, 2024, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants