UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, et al.,<br><br>   Defendants in rem,<br><br>HUSAMETTIN KARATAS,<br><br>   Claimant,<br><br> - and -<br><br>SHARON BETH WEINSTOCK, et al.,<br><br>   Claimants. | Civil Action No. 20-2227 (RC) |

**UNITED STATES' RESPONSE TO THE WEINSTOCK CLAIMANTS'
MOTION FOR LEAVE TO FILE A SURREPLY**

  Plaintiff the United States of America (the "United States" or "Government") respectfully submits this response to the motion for leave to file a surreply (ECF No. 68, "Surreply Motion") filed by Claimants Sharon Beth Weinstock and others (the "Weinstock Claimants"), which seeks to supplement the record with additional arguments regarding the United States' motion for leave to amend (ECF No. 62, "Motion to Amend").

**I. The Surreply Motion Should be Denied Because the Weinstock Claimants Failed to Comply With Local Civil Rule 7(m).**

  As an initial matter, the Court should deny the Weinstock Claimants' Surreply Motion because the Weinstock Claimants failed to comply with Local Civil Rule 7(m). That Local Rule requires counsel "[b]efore filing any nondispositive motion in a civil action" to "discuss the

anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LCvR 7(m). The Weinstock Claimants' Surreply Motion is plainly nondispositive—it seeks to supplement a party's argument, not dispose of any claim or defense—but at no point prior to filing it did the Weinstock Claimants' counsel attempt to meet and confer with undersigned government counsel. Accordingly, the Surreply Motion should be denied at the threshold for this reason. *See, e.g.*, *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (Lamberth, J.) (denying motions for failing to comply with meet and confer requirements of Local Rule 7(m)).

**II.     On the Merits, the Court Should Deny the Surreply Motion in Part.**

Had the Weinstock Claimants attempted to comply with the Local Rules, the Claimants would have learned that the United States opposes in part and takes no position in part their request for a surreply. As this Court has noted, the standard for obtaining leave to file a surreply is discretionary:

> "A court has the discretion to grant leave to file an additional brief, known as a surreply." *Bayala v. Dep't of Homeland Sec.*, 246 F. Supp. 3d 16, 20 (D.D.C. 2017). A surreply may be appropriate when the "proposed surreply would be helpful to the resolution of the pending motion" and the other party would not be "unduly prejudiced." *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011), *aff'd*, No. 11-5144, 2011 WL 6759550 (D.C. Cir. Dec. 8, 2011). But "[w]hen arguments raised for the first time in reply fall 'within the scope of the matters [the nonmovant] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (quoting *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012)).

*Neville v. Burrows*, Civ. A. No. 22-3246 (RC), 2024 WL 578986, at *6 (D.D.C. Feb. 13, 2024) (denying motion for leave to file a surreply).

Here, the Weinstock Claimants seek leave to supplement their briefing with arguments (1) that the Government has no standing, Prop. Surreply (ECF No. 68-1) at 1–3; (2) that sovereign

immunity is irrelevant because somehow Defendant Property 180 is not within the United States' possession, *id.* at 3–4; (3) that Claimant Husamettin Karatas has the right to possess Defendant Property 180, *id.* at 4–5; (4) that the Weinstock Claimants have a valid lien over Defendant Property 180, *id.* at 5–7; (5) that the Weinstock Claimants have standing, *id.* at 7–8; (6) that the Court has jurisdiction to adjudicate a dispute between the Weinstock Claimants and Karatas, *id.* at 8–9; and (7) that the Weinstock Claimants' "TRIA Action" is unaffected by the United States' abandonment of its forfeiture claim against Defendant Property 180, *id.* at 10–11.  While some of these contentions may be fair game for a surreply, others are not.

> A. **The Court Should Deny Leave to Supplement the Record With Additional Arguments Raised by the Weinstock Claimants in their Opposition and Arguments That Are Not Responsive to the United States' Reply.**

Certain arguments in the Weinstock Claimants' proposed surreply are inappropriate for a surreply on the Government's Motion to Amend—namely, issue nos. 1, 3, and 7 as identified above.

First, the Weinstock Claimants already briefed issue no. 1—the Government's supposed lack of standing—in their Opposition to the United States' Motion to Amend.  *See* Weinstock Opp'n (ECF No. 64) at 4–6.  While the Weinstock Claimants use more words to repeat this meritless contention, *see* Gov't Mot. Am. Reply (ECF No. 65) at 12–15, they make no effort to explain why their prior opportunity to brief the issue was insufficient.  As such, they should not be afforded leave to file a surreply on this issue.

Second, certain of the arguments in the Weinstock Claimants' proposed surreply are not responsive to matters addressed in the United States' reply.  For example, the United States never discussed Karatas possessory rights after Defendant Property 180 is returned to its status quo ante (issue no. 3).  Nor did the United States discuss, let alone make any arguments, regarding any "TRIA Action" the Weinstock Claimants may pursue against Karatas under the Terrorism Risk

Assurance Act ("TRIA") (issue no. 7). Indeed, the United States did not discuss TRIA at all in its Reply. If the Weinstock Claimants can find a method to exercise personal jurisdiction over Karatas in a U.S. court and pursue a TRIA action against him, that is beyond the scope of this case. What the Weinstock Claimants cannot do is piggy-back on the Government's in rem forfeiture action and continue to litigate in this proceeding its in personam claims against Karatas. *See* Gov't Mot. Am. Reply (ECF No. 65) at 10–12, 15.

For these reasons, the Court should deny leave to file a surreply on issue nos. 1, 3, and 7 as identified above.

### B. The Weinstock Claimants' Other Contentions Are Meritless.

The remaining arguments in the Weinstock Claimants' proposed surreply—namely issue nos. 2, 4, 5, and 6 as identified above—are meritless, but the United States takes no position on whether the Weinstock Claimants should be permitted a surreply on them.

For example, the Weinstock Claimants are incorrect in suggesting that federal sovereign immunity is irrelevant because Defendant Property 180 is an intangible property residing in an account of the United States instead of in its literal physical possession. Prop. Surreply (ECF No. 68-1) at 3–4. Were the Weinstock Claimants correct, no party enjoying sovereign immunity could raise that immunity as a defense to funds in an account physically held by a financial institution. Of course, that is not the law and sovereign immunity is regularly deployed to protect such assets. *See, e.g.*, *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 435 (D.C. Cir. 2023) ("federal sovereign immunity prevents the attachment and garnishment of oil proceeds in a bank account of the United States"); *In re Terrorist Attacks on Sept. 11, 2001*, 657 F. Supp. 3d 311, 336 (S.D.N.Y. 2023) ("funds of foreign central banks are managed through [bank] accounts in the United States, those funds are, in fact, the reserves of the foreign states themselves" and, thus, immune from attachment); *Levinson v. Kuwait Fin. House (Malaysia) Berhad*, 44 F.4th 91, 94 (2d

Cir. 2022) (funds in bank account owned by foreign sovereign were immune to attachment under TRIA until specific findings were made); *Wyatt v. Syrian Arab Republic*, 83 F. Supp. 3d 192, 196 (D.D.C. 2015) (Lamberth, J.) (foreign diplomatic funds in U.S. bank account were protected from attachment by foreign sovereign immunity); *Flatow v. Islamic Republic of Iran*, 76 F. Supp. 2d 16, 24 (D.D.C. 1999) (Lamberth, J.) (funds held in U.S. bank account at NationsBank were immune from attachment due to federal sovereign immunity). The Weinstock Claimants fail to cite any case or provide any rationale for a different rule when an account is seeded with cryptocurrency rather than U.S. dollars. Indeed, the Weinstock Claimants cite no law at all in support of this plainly meritless argument.

The remainder of the Weinstock Claimants' arguments are similarly meritless for the reasons set forth in the United States' Motion to Amend.[1] That said, the Government appreciates that the Weinstock Claimants did not address certain of these issues in its Opposition to the Motion to Amend, and thus, takes no position on their request for leave to file a surreply on these topics. That is, while the Court should not adopt the arguments made by the Weinstock Claimants in their proposed surreply (because they clearly lack merit), the United States takes no position on whether

---

[1] The Weinstock Claimants argue that some of the arguments in the United States' reply in support of its Motion to Amend should have appeared in its opening motion. *See, e.g.*, Surreply Mot. (ECF No. 68). For example, the Weinstock Claimants fault the United States for not raising the Weinstock Claimants' lack of standing in this suit in their Motion to Amend. *See* Prop. Surreply (ECF No. 68-1) at 7. But the United States' Motion to Amend sought to amend its own complaint, not raise dispositive defenses to the Weinstock Claimants' pleading. As such, there was no reason to raise the Weinstock Claimants' lack of standing in its Motion to Amend (it intended to do so once the pleadings were set through the procedural device contemplated by Supplemental Rule G, a motion to strike, *see* Fed. R. Civ. P. Supp. R. G(8)(c)). Raising the Weinstock Claimants' lack of standing became necessary only when the Claimants pulled the Court and parties into a procedural morass, claiming that their counterclaims against the United States and Karatas somehow prevents the Court from returning Defendant Property 180 to its status quo ante after the complaint is amended to drop the property from this suit.

the Court should consider them in connection with its Motion to Amend if the Court were to excuse the Weinstock Claimants' failure to abide by Local Civil Rule 7(m).

| | |
|---|---|
| Dated: August 13, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>By:      */s/ Brian P. Hudak*<br>     BRIAN P. HUDAK<br>     Chief, Civil Division<br>     601 D Street, NW<br>     Washington, DC 20530<br>     (202) 252-2549<br><br>*Attorneys for the United States of America* |