UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

───────────────────────────────────

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

          Defendants.

Civil Action No. 1:20-cv-02227-RC

───────────────────────────────────

**THE WEINSTOCK CLAIMANTS' REPLY
IN FURTHER SUPPORT OF THEIR MOTION TO FILE A SURREPLY**

    The Weinstocks respectfully submit this Reply in further support of their pending Motion to File a Surreply. For the reasons set forth below, and in the Weinstocks' opening memorandum, the motion should be granted and the proposed Surreply deemed filed.

    Below, the Weinstocks will first address the Government's Local Rule 7(m) argument, and then respond to its substantive arguments.

**ARGUMENT**

**A.**    **The Motion Should Not Be Denied Under Local Civil Rule 7(m)**

    The lead argument adduced in the Government's Response (DE 69) is that the Surreply Motion should be summarily denied *in toto* for noncompliance with Local Civil Rule 7(m).

    The Weinstocks concede that they did not comply with their obligation under Local Rule 7(m), respectfully apologize to the Court for that omission, and undertake not to repeat it. The Weinstocks also respectfully request that the Court reject the Government's demand to deny their Surreply Motion under Local Rule 7(m), for the reasons below:

1

*First* (by way of explanation, not justification) the Weinstocks believed in good-faith that in the circumstance conferring with the Government was self-evidently pointless. The Surreply Motion was necessitated by the Government's sharp motion practice – namely, ambushing the Weinstocks with a mountain of untimely arguments in its reply on the motion to amend. It therefore did not occur to the Weinstocks that the Government might consent to the filing of a Surreply aimed at remedying the Government's own misconduct.

This Court excused unjustified noncompliance with Local Rule 7(m) on analogous facts in *DC2NY v. Acad. Bus, LLC*, Civ. No. 18-2127(RC), 2020 WL 1536219, (D.D.C. Mar. 31, 2020). In *DC2NY* the petitioner failed to confer prior to filing a motion, because it had concluded, based on the defendant's hardball conduct, that conferring would not be "fruitful." This Court "remind[ed] the parties to diligently confer and be mindful of the burden placed on the Court but decline[d] to resolve Petitioner's motion on Rule 7(m) grounds" despite finding that the petitioner's noncompliance was not justified. (*Id*. at *6).

So too here: the Weinstocks' noncompliance with Local Rule 7(m) (which they concede was not justified) was the result of their sincere belief that in light of its hardball tactics the Government would certainly and self-evidently refuse to consent. Therefore, the Court should "decline to resolve" the Surreply Motion on Local Rule 7(m) grounds.

*Second*, this Court has held that even if a party has not complied with Local Rule 7(m), "the Court may, in the interest of judicial economy, reach the merits of a motion." *In re Subpoena Served on Clark Realty*, No. 23-MC-00049(RC), 2023 WL 8005096, at *3 (D.D.C. Nov. 17, 2023) (cleaned up). Denying the Weinstocks' Surreply Motion for noncompliance with Local Rule 7(m) would be a serious waste of resources, given that both the Government's motion to amend and the Weinstocks' Surreply motion are fully briefed.

The decision in *Doe v. Roman Cath. Diocese of Greensburg*, Civ. No. 20-1750(EGS), 2021 WL 12137383, (D.D.C. Feb. 12, 2021) is exactly on point here. In *Doe* the defendants argued that the plaintiff's motion to proceed via pseudonym should be denied for failure to comply with Local Rule 7(m). The court rejected this argument, finding that "judicial efficiency would favor resolving the motion rather than dismissing it without prejudice … the Court favors moving forward with the resolution of the motions rather than ordering Plaintiff to refile his request to proceed via pseudonym as a new motion." *Id*. at *5 (cleaned up).

Importantly, the *Doe* court based its conclusion on the fact that "both the Plaintiff's request to proceed via pseudonym and [defendant]'s motion for leave to file a surreply have been fully briefed." *Id*. (emphasis added). Just so here: both the Government's motion to amend and the Weinstocks' "motion for leave to file a surreply have been fully briefed." Therefore, "judicial efficiency would favor resolving the motion rather than dismissing it without prejudice."[1]

***Third***, while the Court can enforce Local Rule 7(m) sua sponte, the Government should not be heard to invoke Rule 7(m) for its own benefit here. The Weinstocks moved to file a surreply to remedy the extremely prejudicial procedural ambush set by the Government when it raised all its arguments to dispose of Property 180 adversely to the Weinstocks for the first time in its reply. In these circumstances – where the motion arises solely from the Government's own procedural misconduct – it ill-behooves the Government to demand procedural perfection from others. As this court held in analogous circumstances:

---

[1] This inefficiency is further highlighted by the fact that when courts in this district impose a sanction for noncompliance with Rule 7(m), the sanction is denial of the motion without prejudice to refiling. *Allen v. Addi*, Civ. No. 20-01650(TSC), 2023 WL 4684927, at *4 (D.D.C. July 21, 2023) (where party "failed to comply with D.C. Local Civil Rule 7(m) … he was directed to refile" his motion). *Ofisi v. Al Shamal Islamic Bank*, Civ. No. 15-2010(JDB), 2021 WL 796273, at *2 (D.D.C. Mar. 2, 2021) (same).

> Defendant contests the filing of Plaintiff's Motion … on grounds that Plaintiffs failed to comply with their 'meet and confer' obligations set forth in LCvR 7(m), prior to filing such motion. … <u>the Court finds disingenuous Defendant's focus on procedural issues when the substantive inquiry at issue in this case is Defendant's failure</u> to provide timely discovery responses.

*Caudle v. D.C.*, 263 F.R.D. 29, 32 (D.D.C. 2009) (emphasis added).

Indeed, the Government itself has now been forced to admit that most of the arguments it raised in its reply are "fair game for a Surreply." (DE 69 at 3). That amounts to a confession by the Government that it improperly raised arguments for the first time in its reply. The Government is therefore in no equitable position to invoke Local Rule 7(m). Indeed, its admission that most of its arguments are "fair game for a Surreply" renders untenable its demand that the Surreply Motion be denied in toto for noncompliance with Rule 7(m).

Accordingly, the Court should reject the Government's reliance on Local Rule 7(m).

**B.     The Government's Partial Objection to the Surreply Motion Is Meritless**

The Government states that the Weinstocks' Surreply addresses seven distinct points, and asserts that three out of these seven points are "inappropriate for a Surreply." (DE 69 at 3). Thus, the Government admits that <u>most</u> of the Weinstocks' points are legitimate topics for a Surreply. Therefore, as an initial matter, the Weinstocks' proposed Surreply can and should be accepted by the Court in respect to the uncontested four points listed by the Government. (*Id.*)

Regarding the three challenged points contained in the Surreply, the Government makes two perfunctory arguments: (1) these points are duplicative of arguments made elsewhere by the Weinstocks; and/or (2) these points do not respond to new arguments in the Government's reply.

Both of these claims lack merit. Nothing in the Surreply is duplicative or not responsive to an argument raised for the first time in the Government's reply. The Government claims that since its reply did not mention Karatas' possessory rights to Property 180 or TRIA, the Surreply

4

may not mention those topics. But the Surreply discusses these issues as an integral and necessary part of its response to new arguments asserted in the Government's reply. A full reply to an argument often – indeed, usually – requires reference to topics not referenced in the argument itself. When a party argues "**A**" the opposing party is not limited to arguing "**Not A**." The opposing party may, and usually needs to, argue "**Not A, because of C, D and E**."

Everything contained in the Surreply is a legitimate, integral and necessary part of the Weinstocks' response to the untimely arguments asserted in Government's reply.

**C.     The Government's Improper Merits Argument Is Baseless**

The Government has exploited its response to make a merits argument responsive to a putative argument purportedly made in the Weinstocks' Surreply. (DE 69 at 4-5). Specifically, the Government argues that the Weinstocks "are incorrect in suggesting that federal sovereign immunity is irrelevant because Defendant Property 180 is an intangible property residing in an account of the United States instead of in its literal physical possession." (*Id*.).

Aside from the impropriety of the Government making a merits argument at this juncture (which effectively constitutes an unauthorized Sur-surreply), the Court can and should summarily reject this argument as an enormous strawman.

The proposed Surreply nowhere "suggest[s] that federal sovereign immunity is irrelevant because Defendant Property 180 is an intangible property residing in an account of the United States instead of in its literal physical possession."

Rather, the Surreply correctly asserts that the constructive possession and sovereign immunity claims can no longer apply to Property 180 because the Government decided Property 180 was never subject to forfeiture, which renders void the Warrant on which the Government previously based its claim to constructive possession and sovereign immunity. (DE 68 at 3-4).

**WHEREFORE**, the Weinstocks' Motion to File a Surreply should be granted.

Dated: August 30, 2024       Respectfully submitted,

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

*Counsel for the Weinstock Claimants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on August 30, 2024, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants