UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

          Defendants.

_____

Civil Action No. 1:20-cv-02227-RC

### THE WEINSTOCK CLAIMANTS' RULE 56 MOTION FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION

For the reasons set forth in the attached Memorandum, Claimants Sharon Weinstock, Moshe Weinstock, Geula Weinstock, Aryeh Weinstock, and Chaim Mishael Weinstock, and the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin and Shirley Dolgin (the "Weinstock Claimants") hereby move for an order pursuant to Fed. R. Civ. P. 56, directing entry of summary judgment dismissing the United States' Amended Verified Complaint for Forfeiture *in Rem*, for lack of jurisdiction over the *res* and lack of personal jurisdiction over the owners of the *res*; and granting any other relief the Court finds just, proper or necessary.

Dated: December 8, 2024

Respectfully submitted,

By: /s/ Asher Perlin
Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com
*Counsel for the Weinstock Claimants*

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

                Defendants.

_____

Civil Action No. 1:20-cv-02227-RC

**MEMORANDUM IN SUPPORT OF THE WEINSTOCK CLAIMANTS' RULE 56
MOTION FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION**

For the reasons below, the Court should enter summary judgment under Fed. R. Civ. P. 56, dismissing the Government's Amended Verified Complaint for Forfeiture *in Rem* (the "Amended Complaint") for lack of jurisdiction over the *res* and lack of personal jurisdiction over the owners of the *res*.

**Background**

The Weinstock Claimants are the family members (and the estates of deceased family members) of Yitzchak Weinstock, a 19-year-old United States citizen who was murdered in a terrorist shooting attack carried out by the Hamas terrorist organization.

The Weinstock Claimants hold a final judgment against Hamas, entered by the U.S. District Court for the Southern District of Florida under the Antiterrorism Act, 18 U.S.C. § 2333. *Weinstock v. Islamic Republic of Iran, et al.*, 2019 WL 1993778, (S.D. Fla. May 6, 2019). The total amount of the judgment is $78,873,000. The judgment remains wholly unsatisfied.

The Weinstock Claimants' judgment was registered in this Court pursuant to 28 U.S.C. § 1963. *Weinstock v. Islamic Republic of Iran, et al*. 23-mc-00050 (D.D.C.). The judgment thus has "the same effect as a judgment of" this Court, and "may be enforced in like manner." § 1963.

On December 8, 2024, the Weinstock Claimants filed their Answer to the Government's Amended Complaint, in which they asserted crossclaims against Claimant Husamettin Karatas and counterclaims against the United States.

The Weinstock Claimants' Answer also asserts, as an Affirmative Defense, that the Court lacks personal jurisdiction over the *res* and the owners of the *res* that are the subjects of the Government's forfeiture Complaint (*Id*. at ¶¶ 104-112).

The Weinstock Claimant now move for entry of summary judgement dismissing the Government's Amended Complaint for lack of personal jurisdiction.

## Argument

**a. The Weinstock Claimants Have No Burden on This Motion**

Needless to say, it is the Government' burden to prove that this Court may exercise personal jurisdiction in its forfeiture action, consistent with the Due Process Clause.

The Supreme Court has explained that where, as here, a Rule 56 motion for summary judgment is filed regarding an issue on which "the nonmoving party bears the burden of proof … the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). *See also Durant v. D.C. Gov't*, 875 F.3d 685, 695 (D.C. Cir. 2017) (same); *Grimes v. D.C.*, 794 F.3d 83, 93 (D.C. Cir. 2015).

Thus, in this motion, the Weinstock Claimants have no burden whatsoever to <u>disprove</u> personal jurisdiction. "[T]he burden on a defendant moving for summary judgment may be

discharged without factual disproof of the plaintiff's case." (*Grimes*, *id*.). Rather, the Weinstock Claimants need only "point[] out" that the Government cannot prove personal jurisdiction.

To avoid dismissal of its action the Government must respond to this motion by proving facts supporting the exercise of personal jurisdiction over the Defendant Properties and the persons with interests in the Defendant Properties. That it cannot do.

### b. The Government Cannot Prove Personal Jurisdiction

It is well established that "both *in rem* and *quasi in rem* jurisdiction require the relevant property to reside within the court's geographic jurisdiction." *Agudas Chasidei Chabad of United States v. Russian Fed'n*, 2020 WL 13611456, at *23 (D.D.C. Nov. 6, 2020).

The Supreme Court has explained that the term "*in rem* jurisdiction" is simply an "elliptical way of referring to jurisdiction over the interests of persons in a thing … in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising jurisdiction over the interests of persons in a thing. The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe*." *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977) (cleaned up).

Because the Government's forfeiture action is a civil, not a criminal, proceeding, under Circuit law the <u>regular Due Process standards for civil actions</u> apply here. *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56 (D.C. Cir. 2017). *Cf. Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 341 (2d Cir. 2016) (noting "the more expansive due process test in criminal cases.").

Moreover, in this Circuit, the due process standards of the Fifth Amendment are identical to those of the Fourteenth Amendment. *Livnat*, 851 F.3d at 54. Thus, under Circuit law, the fact that this action was brought by the federal government and not a state government permits no

4

leeway or special consideration in the application of the Due Process Clause. The federal Government cannot skirt the Due Process Clause any more than can Rhode Island.

The Amended Complaint indicates that some or all of the Defendant Properties are located outside of the United States – *i.e.*, beyond this Court's "geographic jurisdiction" (*Agudas* at \*23) – and that all the persons with interests in the Defendant Properties are outside of the United States.

Exercise of *in rem* jurisdiction in this action does not comply with the Due Process Clause because the Government cannot prove that the Defendant Properties and the persons with interests in the Defendant Properties, have minimum contacts with the United States.

Indeed, the Government's inability to show personal jurisdiction over the *res* and the owners of the *res* is reflected in the fact that its Amended Complaint fails to "state the grounds for … in rem jurisdiction over" the Defendant Properties, as required by Fed. R. Civ. P. Supp. R. G(2).

If such grounds existed, the Government would have stated them in the Amended Complaint.

Therefore, the forfeiture action must be dismissed for lack of personal jurisdiction.

## Conclusion

The Court should enter summary judgment under Fed. R. Civ. P. 56 dismissing the Government's forfeiture action.

Dated: December 8, 2024               Respectfully submitted,

By:  /s/ Asher Perlin
Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303

Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

*Counsel for the Weinstock Claimants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on December 8, 2024, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

*Counsel for the Weinstock Claimants*