UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, et al.,

        Defendants in rem,

HUSAMETTIN KARATAS,

        Claimant,

   - and -

SHARON BETH WEINSTOCK, et al.,

        Claimants.

Civil Action No. 20-2227 (RC)

## UNITED STATES' UNOPPOSED EXTENSION OF TIME

Plaintiff the United States of America (the "United States" or "Government") respectfully moves to extend all current filing deadlines in this matter until twenty-one days after the D.C. Circuit issues a final ruling in the interlocutory appeal taken by Claimants Sharon Beth Weinstock and others (the "Weinstock Claimants"). *See* Notice of Appeal, ECF No. 77. Through that appeal, the Weinstock Claimants appear to seek review of the Court's interlocutory ruling permitting the Government to amend its complaint in this matter to drop Defendant Property 180 as a party to this action. *See* Mem. Op., ECF No. 74.

There is some debate whether the filing of a frivolous appeal divests a district court of jurisdiction. *See Nwosu v. Am. Express Co.*, Civ. A. No. 24-1852 (CJN), 2024 WL 4880475, at *1 (D.D.C. Nov. 25, 2024) ("only a non-frivolous appeal divests a district court of jurisdiction").

The United States believes that the Weinstock Claimants appeal is frivolous as there is plainly no jurisdictional basis to appeal the Court's interlocutory ruling absent certification under 28 U.S.C. § 1292(b).  The Weinstock Claimants disagree and believe that because the Court's ruling terminated their post-judgment enforcement proceedings against Defendant Property 180 it is a final appealable order, and their notice of appeal therefore divested this Court of jurisdiction over all pending proceedings.  To avoid litigating the merits of the Weinstock Claimants' appeal in this court and the effect of the Weinstock Claimants' notice of appeal, the United States believes it is prudent to extend all current filing deadlines before this Court until twenty-one days after the D.C. Circuit formally disposes of the Weinstock Claimants' appeal through a mandate or otherwise.

As the United States understands it, this request would extend the following current deadlines: (1) responses to the Weinstock Claimants' second motion for summary judgment (ECF No. 76), which are currently due today, December 23, 2024; and (2) responses to the cross-claims and counterclaims in Weinstock Claimants' answer to the Government's amended complaint, which are also currently due today.  Otherwise, briefing on the Weinstock Claimants' first motion for summary judgment (ECF No. 59) and the Government's motion to strike the Weinstock Claimants' claim (ECF No. 56) remained stayed pursuant to the Court's Minute Order of May 2, 2024.  Additionally, the motion filed by Claimant Husamettin Karatas (ECF No. 55) to dismiss the cross-claim against him in the Weinstock Claimants' initial answer while technically pending and subject to the May 2, 2024, stay, may likely be moot due to the Government's amendment of the complaint and the Weinstock Claimants' filing of an answer to that amended complaint.

In all events, briefing potentially overlapping issues[1] before two different courts at the same time in this action is inefficient, and the Government respectfully requests that the Court extend all filing deadlines until twenty-one days after the D.C. Circuit issues its mandate in the Weinstock Claimants' appeal or otherwise issues a conclusive final resolution of that appeal.  Karatas, through counsel, does not object to the extension of filing deadlines in this Court pending further order of the D.C. Circuit as set forth in this motion.  The Weinstock Claimants, through counsel, state as follows:

> The Weinstock Claimants do not oppose the relief sought by the Government, notwithstanding their position such relief is unnecessary because their appeal divested this Court of jurisdiction. In this regard the Weinstocks note that an order disposing of a postjudgment proceeding brought by a judgment creditor to enforce an existing judgment – such as the Court's order terminating their proceeding against Mr. Karatas for turnover of Property 180 – is final and immediately appealable. *See e.g. In re Joint E. & S. Districts Asbestos Litig.*, 22 F.3d 755, 760 (7th Cir. 1994)).

Dated: December 23, 2025
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

By: _____*/s/ Brian P. Hudak*_____
BRIAN P. HUDAK
Chief, Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-2549

*Attorneys for the United States of America*

---

[1]      In permitting the United States' amendment, the Court remarked that "many of the issues overlap" between the Government's motion to amend and the dispositive motions that remain pending before the Court.  Mem. Op. at 5, ECF No. 74.