UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, et al.,<br><br>    Defendants in rem,<br><br>HUSAMETTIN KARATAS,<br><br>    Claimant,<br><br>- and -<br><br>SHARON BETH WEINSTOCK, et al.,<br><br>    Claimants. | Civil Action No. 20-2227 (RC) |

## JOINT STATUS REPORT

Pursuant to the Court's March 18, 2025, Minute Order, the parties file this Joint Status Report and proposed order governing further proceedings in this matter.[1]

### BACKGROUND

On November 19, 2024, this Court entered an Order [ECF No. 73] and Memorandum Opinion [ECF No. 74] that, among other things, granted the Weinstock Claimants' Motion to File a Surreply [ECF No. 68], Government's Motion to Amend the Complaint [ECF No. 62] and

---

[1] The parties finalized this report last evening and undersigned government counsel agreed to file it on behalf of the parties. Unfortunately, undersigned government counsel became sidetracked on other matters and inadvertently failed to file this report last night. Government counsel apologizes to the parties and the Court for this oversight and the delay in filing this joint report and respectfully asks the Court to consider its contents notwithstanding his oversight.

denying as moot Claimant Karatas's Motion to Stay Discovery [ECF No. 54]. The Court's Order and Memorandum Opinion did not address the following motions that were then pending because they had not been fully briefed: (1) Karatas's Motion to Strike the Weinstock Claimants' answer and crossclaim [ECF No. 55]; (2) the Government's Motion to Strike the Weinstock Claimants' claim and answer and to dismiss the Weinstock's counterclaim against the Government [ECF No. 56]; and (3) the Weinstock Claimants' Motion for Summary Judgment [ECF No. 59]. Mem. Op. at 5.

The Court found that the Weinstock Claimants lacked standing to pursue their claim against Defendant Property 180. Mem. Op. at 14. It also held that the Weinstocks lacked both statutory and Constitutional standing to pursue claims against any of the Defendant Properties. Mem. Op. at 17-19. The Court further held that "it is unclear that a favorable decision on the merits will redress the Weinstock Claimants' injury, because it has yet to be established that the Defendant Properties are owned by Hamas or that the accounts included in the Defendant Properties can or will be used to satisfy the Weinstock Claimants' 2019 Judgment." Mem. Op. at 19. The Court also found that "neither Claimant Karatas nor the Weinstock Claimants will maintain any interest in this action and will no longer be part of its discovery." Mem. Op. at 20. Accordingly, despite the Weinstocks' crossclaim, the Court granted the Government's Motion to Amend the Complaint to drop Defendant Property 180, and to order the return of Defendant Property 180 to *status quo ante*, Defendant Property 180. Mem. Op. at 20-21. The Court ordered that the return of Defendant Property 180 be stayed for thirty days to allow the Weinstock Claimants to seek an appeal and a further stay from the D.C. Circuit. Mem. Op. at 21.

The Weinstock Claimants filed a timely appeal [ECF No. 77]. But before they filed their Notice of Appeal, the Weinstock Claimants filed their Answer to the government's Amended

2

Complaint, which included crossclaims/third-party claims against Karatas and counterclaims against the United States. ECF No. 75. The Weinstocks also filed a Motion for Summary Judgment against the Government based upon lack of personal jurisdiction. ECF No. 76. The Government then moved to extend all filing deadlines until twenty-one days after the D.C. Circuit would dispose of the appeal. ECF No. 79. In a December 24, 2024 minute order, the Court granted the Government's Motion for Extension of Time.

In the Court of Appeals, the Government and Karatas both separately moved to dismiss the appeal for lack of jurisdiction, arguing that this Court's Order and Memorandum Opinion was not a final appealable order. On March 12, 2025, the D.C. Circuit entered an order granting the motions to dismiss. Neither the Government nor Karatas has responded to the Weinstock Claimants' Crossclaims/third party claims, Counterclaims, or the Motion for Summary Judgment.

On March 19, 2025, this Court entered the minute order directing the parties to "meet, confer, and submit a Joint Status Report and proposed order to govern further proceedings on or before April 1, 2025." At the Government's suggestion, the parties have conferred by email but have not been able to agree as to how further proceedings should be governed. Their respective positions are set forth below.

### The Government's Position

The United States believes that the Court should deny its pending motion to strike (ECF No. 56) as moot as it was directed at the Weinstock Claimants' original answer and claim. That said, the United States continues to believe that the Weinstock Claimants lack standing in this suit and, thus, request that the Court set a schedule for the United States to renew its motion to strike, this time aimed at the Weinstock Claimants' claim and answer to the amended complaint. The United States believes that all other deadlines should be stayed pending the outcome of that

3

renewed motion to strike. The United States proposes the following schedule for the motion to strike:

- Government's renewed motion due on or before May 2, 2025;
- Weinstock Claimants' opposition due on or before May 30, 2025;
- Government's reply due on or before June 13, 2025.

### Claimant Karatas's Position

Counsel on behalf of Mr. Karatas respectfully submits that the district court should deny ECF 55 (Mr. Karatas's Motion to Strike) as moot. Further, we submit that the district court should set a schedule for briefing the Motions to Strike/Dismiss claims in the Amended Complaint and stay all other proceedings and deadlines pending the district court's decision on the Motions to Strike/Dismiss claims in the Amended Complaint. We have no objection to the deadlines as proposed by the United States.

### Weinstock Claimants' Position

On December 8, 2024, the Weinstock Claimants filed a motion for summary judgment against the Government based upon lack of personal jurisdiction. (DE 76). A claimant in a civil forfeiture proceeding may challenge the Government's assertion of personal jurisdiction over the assets at issue. *See Est. of Levin v. Wells Fargo Bank, N.A.*, No. CV 21-420 (JEB), 2023 WL 3750577, at *10–11 (D.D.C. June 1, 2023). Absent personal jurisdiction, the Government has no standing to move to strike the Weinstocks' claim and answer to the amended complaint. Neither does the government have standing to file a motion to dismiss the Weinstocks' counterclaims regarding the assets at issue. Accordingly, and because the Weinstocks' jurisdictional motion is already pending, the Court should rule on that threshold issue, and stay all other motion practice pending its decision on that motion.

The Weinstocks propose that the Government be required to respond to the Weinstocks' jurisdictional motion for summary judgment on or before May 2, 2025. The Weinstocks should file their reply on or before May 30, 2025.

Respectfully submitted,

| | |
|---|---|
| EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney | LAW OFFICE OF ASHER PERLIN |
| By:     */s/ Brian P. Hudak*<br>    BRIAN P. HUDAK<br>    Chief, Civil Division<br>    601 D Street, NW<br>    Washington, DC 20530<br>    (202) 252-2549 | By:     */s/ Asher Perlin*<br>    ASHER PERLIN<br>    4600 Sheridan Street, Suite 303<br>    Hollywood, FL 33021<br>    (786) 687-0404<br>    asher@asherperlin.com |
| *Attorneys for the United States of America* | *Attorneys for the Weinstock Claimants* |

KROPF MOSELEY, PLLC

By:     */s/ Andrea L. Moseley*
    ANDREA L. MOSELEY
    SARA E. KROPF
    1100 H Street, Suite 1220
    Washington, DC 20005
    (202) 549-0425
    andrea@kmlawfirm.com

*Attorneys for Husamettin Karatas*

Dated: April 2, 2025