UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS,<br><br>*In rem Defendants.* | Civil Action No. 20-2227 (RC) |

**HUSAMETTIN KARATAS'S RENEWED MOTION TO STRIKE THE WEINSTOCK CLAIMANTS' ANSWER AND TO DISMISS THEIR CROSSCLAIMS AGAINST HUSAMETTIN KARATAS AND OPPOSITION TO THE WEINSTOCK CLAIMANTS' MOTION FOR SUMMARY JUDGMENT**

Non-party, former-claimant, Mr. Husamettin Karatas, by and through counsel, renews his motion to strike the Weinstock Claimants' answer to the amended verified complaint for forfeiture *in rem* [ECF 75] and to dismiss their crossclaims contained therein [ECF 75] against Mr. Karatas pursuant to Federal Rule of Civil Procedure 12(b)(1)-(6) for all the reasons set forth in: ECF 55, Mr. Karatas's motion to strike the Weinstock Claimants' answer to the original complaint and to dismiss their crossclaims and memorandum in support thereof; ECF 56, the United States' motion to strike the Weinstock Claimants' answer to the original complaint and to dismiss their counterclaims and memorandum in support thereof; ECF 74, Memorandum Opinion, dated 11/19/2024; ECF 85 & 86, the United States' renewed motion to strike the Weinstock Complainants' claim and answer and to dismiss their counterclaim against the United States and opposition to the Weinstock Claimants' motion for summary judgment and memorandum in support thereof; and, for all the reasons set forth below.

**PRELIMINARY STATEMENT**

The Weinstock Claimants do not have standing to participate in this *in rem* forfeiture proceeding for all the reasons stated in ECF 74, pgs. 14-20, Memorandum Opinion, dated 11/19/2024. Further, Mr. Karatas is no longer a claimant nor is he a party in this matter. Mr. Karatas has no interest in this action beyond securing a final order dismissing the Weinstock Claimants' legally unsupported crossclaim (the "crossclaim"). See ECF 75, pg. 17, Count One- Crossclaim for Turnover Against Karatas. This Court has ruled, "[b]ecause Defendant Property 180 will no longer be a party in this suit and its ownership shall be transferred back to the status quo ante, neither Claimant Karatas nor the Weinstock Claimants will maintain any interest in this action and will no longer be part of its discovery." ECF 74, pg. 20, Memorandum Opinion dated 11/19/2024. Mr. Karatas maintains no interest in this action, and as such, he cannot be the subject of a crossclaim.

The Weinstock Claimants' answer to the amended verified complaint should be stricken and their crossclaim should be dismissed for any one of these four independent reasons: (1) the Weinstock Claimants do not have standing, see ECF 74 pgs. 14-20; (2) the Federal Rules of Civil procedure do not permit a crossclaim against Mr. Karatas because he is neither a claimant nor a party to the matter and maintains no interest in this matter; (3) Mr. Karatas is not subject to the personal jurisdiction of this Court; and, (4) the Weinstock Claimants fail to state a claim against Mr. Karatas, see ECF 74 pgs. 9-12. In addition, Mr. Karatas joins and incorporates the United States' renewed motion to strike the Weinstock Complainants' claim and answer and to dismiss their counterclaim against the United States and opposition to the Weinstock Claimants' motion for summary judgment and memorandum in support thereof, ECF 85 & 86.

**BACKGROUND**

Mr. Karatas adopts and incorporates the United States' background section in the United States' renewed motion to strike the Weinstock Complainants' claim and answer and to dismiss their counterclaim against the United States and opposition to the Weinstock Claimants' Motion for Summary Judgment, as if fully set forth herein. ECF 85, pgs. 9-10 & 86, pgs. 9-10.

**ARGUMENT AND POINTS AND AUTHORITIES IN SUPPORT OF ARGUMENT**

**I.    The Weinstock Claimants Do Not Have Standing**

For all the reasons stated in the Memorandum Opinion dated November 19, 2024, the Weinstock Claimants still lack standing. See ECF 74, pgs. 14-20. The legal analysis, facts and circumstances that led to the Court's ruling in the Memorandum Opinion have not changed. The Weinstock Claimants' answer to the amended complaint does not set forth facts that overcome their lack of standing. For this reason alone, the Court should strike the Weinstock Claimants' answer to the amended complaint and dismiss the crossclaim. See also ECF 85, Section I. and ECF 86 Section I.

**II.   Mr. Karatas is neither a claimant nor a party and has no interest in this matter therefore the crossclaim may not be asserted against him.**

A.    <u>The Weinstock Claimants do not have standing to bring the crossclaim</u>.

At the outset, the crossclaim is not permitted because the Weinstock Claimants do not have standing to participate in this forfeiture proceeding for the reasons stated *supra*-Section I. Fed. R. Civ. P. 13(g) only permits a crossclaim by a party. If the Court dismisses the Weinstock Claimants for lack of standing, then they occupy the role of a non-party. As such, they are not a "party" under Rule 13(g) and their crossclaim must be dismissed.

B.    <u>The Weinstocks and Mr. Karatas are not parties to the proceeding and therefore, crossclaims are not permitted under Rule 13(g)</u>.

Supp. R. G(1) sets forth the rules governing a forfeiture action *in rem* arising from a federal statute and "[t]o the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." The plain language of Rule 13(g) governs the analysis of the Weinstock Claimants' attempt to bring a crossclaim against Mr. Karatas. That rule provides:

> (g) Crossclaim Against a Coparty. A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

As with any question of statutory interpretation, this Court's analysis begins with the plain language of the statute. *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) (citations omitted). When the statutory language is clear, it must be enforced according to its own terms so long as "the disposition required by the text is not absurd." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004). We submit that the Court should interpret Rule 13(g) strictly, under the facts of this case, such that the terms "party" and "coparty" do not include the Weinstock Claimants or Mr. Karatas. Indeed, Mr. Karatas is not even a claimant in this matter, much less a party.

> The Seventh Circuit has observed that "a Rule 13(g) cross-claim will lie only against an existing defendant. *In re Oil Spill by Amoco Cadiz Off Coast of France on March 16*, 1978, 699 F.2d 909, 913 (7th Cir.), cert. denied 464 U.S. 864, 104 S. Ct. 196 (1983); see also 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d §1431, at 234 (1990) ("No cross-claim may be brought against a person who has been eliminated or who has withdrawn from the action, since he is no longer a party.")). **The corollary to this principle is that only an existing party may file a cross-claim against a co-party.** See *Seiffer v. Topsy's Intern., Inc*., 487 F. Supp. 653 (D. Kan. 1980). (emphasis added)

*Ventre v. Datronic Rental Corp*., No. 92 C 3289, 1996 WL 5211 *2 (N.D. Ill. January 2, 1996);

(See also, *Stonecoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17-cv-00303, 2019 WL

9899507 * 7 (E.D. Tex. March 27, 2019) (citing *NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, No. 3:12-CV-1424-G, 2013 WL 460068, at *2 (N.D. Tex. Feb. 6, 2013) (The language of "Rule 13 suggests counterclaims and crossclaims are, as an initial matter, proper only as to existing parties.")). Although Rule 13(g) does not define party or coparty, the Court should apply the Rule's plain language to mean a person or entity that is a party in the existing litigation. The complaint filed by the United States does not name either Mr. Karatas or the Weinstock Claimants as a party. For this reason alone, the crossclaim against Mr. Karatas should be dismissed.

**III. Mr. Karatas is Not Subject to the Personal Jurisdiction of This Court by Virtue of His Former Claim and the Weinstock Claimants Cannot Assert *In Personam* Crossclaims Against Mr. Karatas.**

    A.   <u>The Weinstock Claimants do not have standing to assert that Mr. Karatas is subject to the personal jurisdiction of this Court and the Weinstock Claimants cannot assert *in personam* claims against Mr. Karatas.</u>

The Weinstock Claimants should not be permitted to assert that the Court has jurisdiction over Mr. Karatas because the Weinstock Claimants do not have standing to participate in this forfeiture proceeding for the reasons stated *supra*-Section I. The Weinstock Claimants do not have standing and for that reason alone should not be able to assert *in personam* crossclaims.

    B.   <u>Mr. Karatas is not subject to the personal jurisdiction of this Court by virtue of the fact that he previously asserted a claim against former Defendant Property 180</u>.

The Weinstock Claimants have attempted to obtain personal jurisdiction over Mr. Karatas by filing an *in personam* crossclaim in a proceeding where Mr. Karatas is not already subject to *in personam* claims in the same action. ECF 75 pg. 17. The Weinstock Claimants do not allege a legal basis or facts showing that this Court can properly exercise personal jurisdiction over Mr. Karatas, a non-party and non-claimant. See also, ECF 85 Section III. B. 1. & ECF 86 Section III. B. 1.

**IV.     The Weinstock Claimants' Crossclaim Called "Turnover" Fails to State a Claim Upon Which Relief Can Be Granted And Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

The Federal Rules of Civil Procedure authorize the Court to dismiss any complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While the court must accept the factual allegations in the pleadings as true, legal conclusions drawn from those facts are not to be given such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). *Saline Parents v. Garland*, 88 F.4th 298, 303 (D.C. Cir. 2023) (*citing Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (*citing Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007) ("Nor do we assume the truth of legal conclusions") (*citing Iqubal*, 556 U.S. at 678); *see also*, *Hester v. Burrows*, No. 22-5312 (D.C. Cir. June 2, 2023), 2023 WL 3829323 *1, (citing *Iqbal*, 556 U.S. at 678 (2009) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal quotation marks omitted). The Weinstock Claimants have alleged a crossclaim for claim "Turnover" but have failed to allege facts to support the conclusion that they are entitled to receive "Turnover" from Mr. Karatas. The Weinstock Claimants have failed to allege facts to support the conclusion that Mr. Karatas is in possession of any *res* that the Weinstock Claimants are entitled to as a general unsecured creditor of Hamas. The Weinstock Claimants crossclaim against Mr. Karatas does not afford it any lien over (former) Defendant Property 180, because an *in personam* creditor's bill claim does not establish a lien over a property, *see Grupo Mexicano de Desarrolo S.A.*, 527 U.S. at 319 ("A creditor's bill could be brought only by a creditor who had already obtained a judgment establishing the debt.") (citations omitted). See ECF 74, Memorandum Opinion pg. 12.

**CONCLUSION**

For the foregoing reasons, Mr. Karatas, by counsel, respectfully requests that the Court enter an order striking the Weinstock Claimants' answer to the amended verified complaint for forfeiture *in rem* and to dismiss their crossclaim against Mr. Karatas.

Respectfully Submitted,

Husamettin Karatas
BY COUNSEL

Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C. 20005
Phone 202-549-0425
andrea@kmlawfirm.com

**C E R T I F I C A T E**

I hereby certify that on May 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record to the following:

Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C. 20005
Phone 202-549-0425
andrea@kmlawfirm.com

8 | P a g e

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS,<br><br>*In rem Defendants.* | Civil Action No. 20-2227 (RC) |

## [PROPOSED] ORDER

Having considered Mr. Husamettin Karatas's motion, by and through counsel, to strike the answer filed by the Weinstock Claimants and to dismiss their crossclaim, and the Weinstock Claimants' motion for summary judgment, and the entire record herein, it is hereby

ORDERED that Mr. Husamettin Karatas's motion is GRANTED;

ORDERED that their operative answer (ECF No. 75) is STRICKEN;

ORDERED that the Weinstock Claimants and any claims they bring in this suit are DISMISSED; and it is further

ORDERED that the Weinstock Claimants motion for summary judgment (ECF No. 76) is DENIED as moot.

DATE:

_____
Hon. Rudolph Contreras
United States District Judge