UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

          Defendants.

Civil Action No. 1:20-cv-02227-RC

---

### REPLY IN FURTHER SUPPORT OF THE WEINSTOCK CLAIMANTS' RULE 56 MOTION FOR SUMMARY JUDGMENT

#### Introduction

The Weinstock Claimants respectfully submit this Reply in further support of their Motion for Summary Judgment (DE 76) ("Motion"), and in response to the Oppositions filed by the Government (DE 85-86) and Mr. Karatas (DE 88).

It is undisputable, and indeed undisputed, that a plaintiff always bears the burden of proving jurisdiction, and a court cannot enter judgment unless that burden is met. *Mwani v. bin Laden*, 417 F.3d 1 (D.C. Cir. 2005) (plaintiff retains the burden to prove personal jurisdiction, and the court itself must ensure that such jurisdiction exists, even in a default context). *Cf. Portillo v. Smith Commons DC, LLC*, , 2021 WL 3287741, at *2 (D.D.C. Aug. 2, 2021) (Contreras, J.) (same).

The Court's duty to ensure its own jurisdiction also applies fully to *in rem* jurisdiction. "Before entering judgment against an absent defendant, the Court must assure itself that it has both subject matter jurisdiction and personal, or, in this case, *in rem* jurisdiction." *Vizer v. VIZERNEWS.COM*, 869 F. Supp. 2d 75, 80 (D.D.C. 2012) (emphasis added).

Furthermore, Fed. R. Civ. P. Supp. R. G(2) requires a forfeiture complaint to "**state the grounds for … in rem jurisdiction over**" the assets, and that the Supplemental Rule G standard is "<u>more exacting</u> than the liberal notice pleading standard contemplated by Rule 8(a)(2)." *U.S. v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1, 14 (D.D.C. 2013) (emphasis added).

And, significantly here, it is long and well established that the exercise of *in rem* jurisdiction must comply with the Due Process Clause. *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977).

Despite the Weinstocks' Motion, and the "more exacting" requirements of Supp. R. G(2), the Government has <u>still</u> failed to allege, must less prove, <u>any facts at all</u> showing that the Court can exercise *in rem* jurisdiction over the assets here, consistent with Due Process. The Government has thus conceded by its silence that the Court has no basis to exercise such jurisdiction.

Accordingly, for the reasons set forth below and in the Weinstock Claimants' opening Motion papers, the Court should enter summary judgment pursuant to Fed. R. Civ. P. 56, dismissing the Government's Amended Verified Complaint for Forfeiture *in Rem*, for lack of jurisdiction over the *res* and lack of personal jurisdiction over the owners of the *res*.

## ARGUMENT

In their Motion, the Weinstocks demonstrated, on the basis of the controlling Supreme Court decision in *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977), that "in order to justify an exercise of jurisdiction *in rem*, the basis for jurisdiction must be sufficient to justify exercising jurisdiction over the interests of persons in a thing. The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe*." Motion at 4 (quoting *Shaffer*, 433 U.S. at 207).

Pursuant to *Shaffer*, the Weinstocks moved for summary judgment on the ground that "[e]xercise of *in rem* jurisdiction in this action does not comply with the Due Process Clause

2

because the Government cannot prove that the Defendant Properties and the persons with interests in the Defendant Properties, have minimum contacts with the United States." (*Id*. at 5).

The Weinstocks further pointed out that the Government's Amended Complaint fails to "state the grounds for … in rem jurisdiction over" the Defendant Properties, in violation of Fed. R. Civ. P. Supp. R. G(2). (*Id*.).

Because the Government alone "bears the burden of proof" on jurisdiction, the Weinstocks are entitled to summary judgment simply by "**pointing out to the district court that there is an absence of evidence**" supporting exercise of jurisdiction in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (cleaned up). The Weinstocks' Motion did exactly that.

One would expect that, in the face of the Weinstocks' Motion, the Government would at least <u>attempt</u> to meet its burden to establish jurisdiction, by showing some fact supporting the exercise of jurisdiction in this case, if it had any. But the Government does not even attempt to do so, because no such facts exist. Moreover – importantly, and dispositively – the Government and Karatas <u>do not assert, much less prove, that the Government's forfeiture action complies with the Due Process Clause</u>. The Court should therefore deem this critical point conceded.

Because they are unable to rebut the Weinstocks' Due Process argument, the Government and Karatas[1] proffer a motley potpourri of other arguments, all of which are meritless:

***First***, they invoke the Ninth Circuit's outlier holding in *U.S. v. Obaid*, 971 F.3d 1095 (9th Cir. 2020) – which has been rejected by every other Circuit to consider the issue – that the Due

---

[1] Karatas' opposition to Plaintiffs' Motion incorporates by reference the Government's arguments. (DE 88 at 2). Accordingly, the Weinstocks cite herein only to the Government's opposition. The Government filed its opposition twice (DE 85-86), and Plaintiffs cite herein to the first-filed document, DE 85.

3

Process requirement established in *Shaffer v. Heitner* applies only to *quasi in rem* jurisdiction, but not to *in rem* jurisdiction. (DE 85 at 19, citing *Obaid*).

But *Obaid* is flatly inconsistent with *Shaffer*. *Shaffer* made very clear that it "use[d] the term '*in rem*' in place of '*in rem* and *quasi in rem*'," (*id.* at 199 n.17) and held that the Due Process Clause creates a "single standard"—minimum contacts—to assess the constitutionality of civil jurisdiction. *Id.* at 209. It further clarified that a single standard ensures that a person whose property is at risk in both *in rem* and *quasi in rem* cases, is provided due process: "[T]he phrase, 'judicial jurisdiction over a thing', is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing" and therefore, "in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising jurisdiction over the interests of persons in a thing." *Id.* at 207 (citations omitted, emphasis added).

Moreover, in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983), the Supreme Court emphasized that it had rejected the notion "that due process rights may vary depending on whether actions are *in rem* or *in personam*," and expressly described *Shaffer* as dealing with "*in rem* or *quasi in rem* proceedings." (*Id.* at 796 n.3).

Unsurprisingly, then, the holding in *Obaid* conflicts with the holdings of every other Circuit to consider the issue. *See e.g. Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 224 (4th Cir. 2002) ("The minimum contacts rule of *International Shoe* applies to actions *in rem* and *quasi in rem,* as well as to actions *in personam*.") (cleaned up); *LiButti v. U.S.*, 178 F.3d 114, 123 (2d Cir. 1999) ("*In Shaffer* … the Supreme Court explained that to have *in rem* jurisdiction it is necessary, at the very least, to satisfy the minimum contacts standard set out in *International Shoe*."); *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 495 (5th Cir. 1989) ("regardless of

4

whether the action is instituted *in personam, quasi in rem* or otherwise, all exercises of jurisdiction must be measured by the terms of the due process clause of the United States Constitution.").

As Circuit Judge Sandra S. Ikuta accurately stated in her blistering dissent in *Obaid*: "With one stroke, the majority has swept away *Shaffer v. Heitner*, the Supreme Court's landmark decision ensuring that 'traditional notions of fair play and substantial justice' apply to all persons with property subject to adjudication, regardless of the Latin label attached to the proceeding … In doing so, the majority creates a split with two circuits that have faithfully applied *Shaffer* and seven circuits that have expressly construed it to cover ordinary in rem proceedings." *Obaid*, 1106–07.

This Court should thus firmly decline the Government's and Karatas' invitation to adopt the Ninth Circuit's erroneous and maverick construction of *Shaffer* and hold that the Due Process Clause and the "minimum contacts" test applies to the Government's forfeiture action.

Since the Due Process Clause applies to this action, and the Government has conceded the Weinstocks' assertion that Due Process is not satisfied here, summary judgment should be granted.

***Second***, the Government and Karatas spill much ink arguing that there is a <u>statutory</u> basis for *in rem* jurisdiction in this action, by virtue of service of process. (DE 85 at 20-21). This entire line of argument is a red herring: the Weinstocks did not assert that the exercise of jurisdiction here is <u>statutorily</u> infirm; their argument – unrebutted by the Government or Karatas – is that the exercise of *in rem* jurisdiction here violates the Due Process Clause.

Indeed, notably, the authority cited by the Government and Karatas made perfectly clear that it was discussing only the boundaries of <u>statutory</u> jurisdiction, and explicitly reserved the question of whether the exercise of such jurisdiction would be <u>constitutional</u>. *See United States v. All Funds in Acct. Nos. 747.034/278, 747.009/278, & 747.714/278 in Banco Espanol de Credito,*

*Spain*, 295 F.3d 23, 27 (D.C. Cir. 2002) ("Unless the Constitution commands otherwise–and the claimant has raised no constitutional objections at all–the statute must be enforced.").

Thus, pages 20-21 of the Government's papers are irrelevant to the issue before the Court.

***Third***, the Government and Karatas assert that the Weinstocks have failed to discharge their burden of "pointing out to the district court … that there is an absence of evidence" that it has *in rem* jurisdiction over the assets at issue (*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)), because they did not specifically identify the portions of the Amended Complaint which do not contain any factual allegations supporting jurisdiction. (DE 85 at 18-19).

This argument is risible. The Motion asserted that the "Amended Complaint fails to 'state the grounds for … in rem jurisdiction over' the Defendant Properties, as required by Fed. R. Civ. P. Supp. R. G(2)." (*Id*. at 5). Once the Weinstocks pointed out to the Court that the Amended Complaint – meaning, obviously, the entire Amended Complaint – fails to state any basis for *in rem* jurisdiction (in blatant violation of Fed. R. Civ. P. Supp. R. G(2)), it would be logically absurd to require the Weinstocks to then list with particularity all the parts of the Amended Complaint <u>lacking</u> jurisdictional allegations. None means none.

The Government and Karatas similarly assert that it was the Weinstocks' burden to point to the parts of the Amended Complaint indicating that the properties at issue, and the persons having interests in those properties, are outside of the United States. This argument ignores the fact that it was the Government's burden under Supplemental Rule G(2) to "state the grounds for … in rem jurisdiction over" the properties, <u>irrespective of where those properties are located</u>. The Government was obligated to plead constitutionally-sufficient facts in support of *in rem* jurisdiction over each and every property, whether it was located in the United States or overseas. Having failed to even attempt to meet its initial burden, the Government cannot shift it to the Weinstocks.

6

*Fourth*, and finally, the Government and Karatas assert that the Weinstocks have no standing to point out the Court's lack of *in rem* jurisdiction, because they have no standing in this case. (DE 85 at 17). In fact, as shown in their opposition to the Government's motion to strike and dismiss their claims in this action, the Weinstocks' do indeed have standing in this case.

Additionally or alternatively, this argument fails for the simple reason that no one needs "standing" to alert the Court to its lack of jurisdiction, because the Court has an independent duty to examine its jurisdiction *sua sponte*. "Before entering judgment against an absent defendant, the Court must assure itself that it has both subject matter jurisdiction and personal, <u>or, in this case, *in rem* jurisdiction</u>." *Vizer*, 869 F. Supp. 2d at 80 (emphasis added).

Therefore, in any event, the Court is obligated to examine whether it can exercise *in rem* jurisdiction over the properties at issue here, consistent with the Due Process Clause. Since the Government has failed to allege, much less prove, any facts that would allow the Court to find it can exercise such jurisdiction, the Government's action <u>must be dismissed for lack of jurisdiction</u>.

The Government cannot unring the Due Process jurisdictional bell by asserting that the Weinstocks lacked standing to ring it.

**WHEREFORE**, the Weinstocks' motion should be granted.

Dated: June 23, 2025                Respectfully submitted,

                                    By: /s/ Asher Perlin
                                    Asher Perlin
                                    LAW OFFICE OF ASHER PERLIN
                                    Bar I.D. FL0006
                                    4600 Sheridan Street, Suite 303
                                    Hollywood, Florida 33021
                                    786-687-0404
                                    asher@asherperlin.com

                                    Counsel for the Weinstock Claimants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on June 23, 2025, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants