UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, *et al.*,

        Defendants.

Civil Action No. 1:20-cv-02227-RC

---

### THE WEINSTOCK CLAIMANTS' OPPOSITION TO MOTIONS TO STRIKE THEIR CLAIM AND ANSWER AND TO DISMISS THEIR CLAIMS

#### Introduction

The Weinstock Claimants respectfully submit this Opposition to the United States' Renewed Motion to Strike Weinstock Claimants' Claim and Answer and to Dismiss Their Counterclaim (DE 85-86) ("U.S. Motion") and Husamettin Karatas's Renewed Motion to Strike the Weinstock Claimants' Answer and to Dismiss Their Crossclaims (DE 88) ("Karatas Motion").

For the reasons set forth below, both Motions should be denied.

#### ARGUMENT

**A.   THE WEINSTOCKS HAVE STANDING**

Both Motions assert that the Weinstocks lack standing to assert claims in this proceeding. These assertions are incorrect.

The question of whether judgment creditors such as the Weinstocks have constitutional and statutory standing to seek turnover under § 201 of the Terrorism Risk Insurance Act ("TRIA")

within the framework of a forfeiture proceeding was thoroughly analyzed by the Seventh Circuit in *United States v. All Funds on Deposit with R.J. O'Brien & Assocs*., 783 F.3d 607 (7th Cir. 2015).

The Government argued in *R.J. O'Brien*, exactly as it does here, that such judgment creditors have no standing. In a highly detailed analysis the Seventh Circuit squarely rejected the Government's argument, and held that judgment creditors seeking to enforce under TRIA have both constitutional and statutory standing to do so within a forfeiture action. *Id*. at 616-622.

The Second Circuit has cited *R.J. O'Brien* with approval, and held that a TRIA judgment creditor who (like the Weinstocks) files a timely claim, has standing to "contest[] the Government's forfeiture action." *Levin v. Miller*, 2022 WL 17574574, at *3 (2d Cir. Dec. 12, 2022).

By contrast, the D.C. Circuit has never ruled contrary to *R.J. O'Brien*.

"[D]istrict courts, like the circuits, should give <u>most respectful consideration to the decisions of the other courts of appeals and follow them whenever they can</u>, bearing in mind the interest in maintaining a reasonable uniformity of federal law." *Horn v. United States Department of the Army*, 284 F.Supp.2d 1, 9 (D.D.C. 2003) (cleaned up) (emphasis added).

Accordingly, for all the highly persuasive reasons set forth by the Seventh Circuit in *R.J. O'Brien*, this Court should reject the standing arguments raised by the Government and Karatas.

B.   **THE CLAIM THAT THE WEINSTOCKS HAVE OTHER ROUTES TO COLLECT THEIR JUDGMENT IS MADE IN BAD FAITH AND IRRELEVANT**

The Government asserts that the Weinstocks have two other routes to collect their judgment against Hamas. (DE 85 at 10-11). This non-legal argument is irrelevant to this proceeding: Congress enacted TRIA to enable individuals like the Weinstocks to enforce their judgments against the blocked assets of terrorists, whether or not they may have other means of enforcement.

Moreover, this claim is highly misleading, and made in bad faith.

*First*, the Government fails to mention that it unilaterally broke-off communication regarding the Weinstocks' petition for remission over two years ago, thereby necessitating this litigation.

*Second*, the Government's claim that the Weinstocks can collect their judgment against Hamas from the U.S. Victims of State Sponsored Terrorism Fund is flatly untrue. That Fund is available only for <u>judgments against foreign states</u>. *See* 34 U.S.C. § 20144(c)(2). Hamas is not a foreign state, and the Weinstocks' judgment against Hamas therefore does not qualify for the Fund.

C.    THE WEINSTOCKS CAN BRING COUNTERCLAIMS AND CROSSCLAIMS

The Government argues, in reliance on a smattering of hoary out-of-circuit precedents, that "the rules governing forfeiture actions do not allow a claimant to bring a counterclaim against the United States." (DE 85 at 13-14).

As the Government admits, however, in *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655 (5th Cir. 2019), the Fifth Circuit held that a counterclaim <u>may</u> be brought against the United States in a forfeiture action. *Id*. at 658-663.

The D.C. Circuit has not addressed this issue, but as noted above, this Court "should give most respectful consideration to the decisions of the other courts of appeals and follow them whenever they can." *Horn*, 284 F.Supp.2d at 9. The Fifth Circuit's decision in *$4,480,466.16 in Funds Seized* is both highly persuasive, and the most recent Court of Appeals decision on this question. This Court should adopt the Fifth Circuit's holding, for all the reasons set forth in that decision.

For his part, Karatas argues that the Weinstocks cannot bring a crossclaim against him because neither he nor the Weinstocks is a "party" this proceeding within the meaning of Rule 13(g) of the Federal Rules of Civil Procedure. (DE 88 at 4-5).

This argument is meritless. "[T]he common usage of 'party' refers to an entity that is a part of a legal action brought pursuant to Federal Rule of Civil Procedure 3. For example, the word 'party' is used throughout the Federal Rules to describe the individuals involved in a legal action

3

filed pursuant to Federal Rules 1-3." *Workman v. United States Postal Serv.*, 2024 WL 139214, at *4 (D.N.M. Jan. 12, 2024), *report and recommendation adopted*, 2024 WL 657081 (D.N.M. Feb. 16, 2024), *aff'd*, 127 F.4th 237 (10th Cir. 2025).

The Weinstocks and Karatas are "individuals involved in a legal action filed pursuant to Federal Rules 1-3." Accordingly, they are parties and coparties within the meaning of Rule 13(g).

### D.   TRIA OVERRIDES THE UNITED STATES' SOVEREIGN IMMUNITY

The Government argues, relying on *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428 (D.C. Cir. 2023), that sovereign immunity bars the Weinstocks' counterclaims. (DE 85 at 14-17).

The Weinstocks' position is that TRIA § 201 overrides the United States' sovereign immunity. The Weinstocks acknowledge that *Greenbaum* rejected this argument. However, in order to preserve their arguments on this issue for potential en banc appellate review and certiorari review, the Weinstocks will present them below.

TRIA trumps U.S. sovereign immunity because § 201(a) of TRIA permits enforcement of judgments against the blocked assets of terrorists "Notwithstanding any other provision of law." The Second Circuit has held that this "Notwithstanding" provision overrides even a treaty of the United States. *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 53 (2d Cir. 2010).

This is fact is highly relevant, because it is well-established that "a treaty will not be deemed to have been abrogated or modified by a later statute unless such purpose on the part of Congress has been clearly expressed." (*Id*., quoting *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 252 (1984) (cleaned up). This rule – that statutory abrogation of a treaty must be "clearly expressed" – is identical to the rule governing statutory waiver of sovereign immunity.

Accordingly, since TRIA's "Notwithstanding" language is sufficiently clear to override a treaty of the United States, it is per force clear enough to override U.S. sovereign immunity.

**E.     KARATAS IS SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT**

Karatas baldly asserts, without explanation or citation to any authority, that it is not subject to personal jurisdiction in the Weinstocks' turnover proceeding. This claim is meritless.

In the first place, Karatas waived any personal jurisdiction argument in this case by filing a claim and an answer in this action without asserting a personal jurisdiction defense. (*See* DE 5, 9). Karatas against waived personal jurisdiction by filing a motion in the Court of Appeals seeking affirmative relief against the Weinstocks, without purporting to preserve a personal jurisdiction defense. *See* Motion to Dismiss filed in November 19, 2024, in Case No. 24-5280 (D.C. Cir.).

Having submitted himself to the jurisdiction of this Court, without purporting to preserve a personal jurisdiction defense, Karatas is subject to personal jurisdiction on any crossclaims brought by other parties, including the Weinstocks. Indeed, claimants in a forfeiture action are no different than intervenors, and it is well-established that an intervenor "has equal standing with the original parties." 7C Wright & Miller, Fed. Prac. & Proc. § 1920 (3d ed.).

**F.     KARATAS' RULE 12(b)(6) ARGUMENT FAILS**

Karatas baldly asserts that the Weinstocks' crossclaim against him fails to state a claim, but fails to explain why. Karatas never identifies any specific allegations he believes are conclusory or not plausible, much less explain why they purportedly are deficient. "Defendant fails to engage in a proper 12(b)(6) analysis. Specifically, Defendant fails to explain why Plaintiff's factual allegations in his complaint, accepted as true, fail to state a claim to relief that is plausible on its face. Defendant offers little in the way of a 12(b)(6) challenge beyond counsel's cursory factual arguments and assertions. Because it is Defendant's burden to show that dismissal is warranted, the Court will not sua sponte engage in this analysis with regard to Plaintiff's … claim." *Aicher v. Access Corr.*, 2017 WL 8944040, at *5–6 (D.N.M. Aug. 28, 2017), *report and recommendation adopted*, 2017 WL 4338552 (D.N.M. Sept. 28, 2017) (cleaned up, citing *Iqbal*). *Cf. Luna v. Bank*

5

*of Am. NA*, 2015 WL 11120875, at *10 (N.D. Tex. Nov. 9, 2015), *report and recommendation adopted* 2016 WL 158128 (N.D. Tex. Jan. 12, 2016) ("Defendant fails to explain how Plaintiff's allegations in support of his claims … fail to state a claim under 12(b)(6) … Its conclusory statement, without any explanation or support, is simply not persuasive.").

Therefore, Karatas' Rule 12(b)(6) argument should be rejected.

**WHEREFORE**, the Motions should be denied.

Dated: June 23, 2025                                   Respectfully submitted,

By: /s/ Asher Perlin
Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on June 23, 2025, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

Counsel for the Weinstock Claimants