UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, et al.<br><br>*In rem Defendants.* | Civil Action No. 20-2227 (RC) |

### HUSAMETTIN KARATAS'S REPLY TO THE WEINSTOCK CLAIMANTS' OPPOSITION TO MOTIONS TO STRIKE THE CLAIM AND ANSWER AND TO DISMISS THEIR CLAIMS

Non-party, former claimant, Mr. Husamettin Karatas, by and through counsel, submits his reply to the Weinstock Claimants' opposition to the renewed motions to strike the claim and answer and to dismiss their claims [ECF 92] ("Opposition"). Mr. Karatas joins and fully adopts, as if set forth fully herein, the United States' reply to ECF 92.

### INTRODUCTION

The Weinstock Claimants' lack of standing remains fatal to their effort to collect on an unsatisfied judgment against "Hamas" in the course of the United States' *in rem* forfeiture proceeding. The Court must strike the Weinstock Claimants' claim and answer and dismiss the Weinstock Claimants' Count One ("crossclaim") against Mr. Karatas because they have failed to establish statutory or constitutional standing to participate in this *in rem* proceeding.

The Court can also swiftly dispose of Count One, the Weinstocks' Claimants' scrambled attempt to slog Mr. Karatas into an *in personam* crossclaim because (i) the Weinstock Claimants fail to provide relevant legal authority for their newly minted definition of "party" under Fed. R. Civ. P. 13(g); (ii) they fail to offer legal authority and facts to support the filing of an *in personam* action against Mr. Karatas in this *in rem* proceeding; and (iii) the crossclaim cannot survive a Fed.

R. Civ. P. 12(b)(6) analysis because the Weinstock Claimants, as general unsecured creditors of Hamas, do not allege facts to support a claim for "Turnover" from Mr. Karatas.

## ARGUMENT

I. <u>The Weinstock Claimants do not have standing to participate in this *in rem* forfeiture proceeding</u>.

The Opposition does not offer legal support for the Weinstock Claimants' purported standing to participate in this *in rem* forfeiture action. For all the reasons previously set forth in the United States' and Mr. Karatas's renewed motions to strike the claim and answer and their replies thereto, the Weinstock Claimants do not have standing. *See* ECF 73, 74, 85, 86, 87, 88 and the United States' reply to ECF 92.

II. <u>The Weinstock Claimants cannot bring a crossclaim against Mr. Karatas</u>.

The Weinstock Claimants resist any meaningful analysis of who can bring a crossclaim under Rule 13(g). They do not attempt to address or distinguish any of the authorities cited by Mr. Karatas in his motion to dismiss that support the argument that a crossclaim cannot lie against him. *See* ECF 87 pgs. 4-5 ("The Seventh Circuit has observed that "a Rule 13(g) cross-claim will lie only against an existing defendant. *In re Oil Spill by Amoco Cadiz Off Coast of France on March 16*, 1978, 699 F.2d 909, 913 (7th Cir.), cert. denied 464 U.S. 864, 104 S. Ct. 196 (1983); see also 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d §1431, at 234 (1990) ("No cross-claim may be brought against a person who has been eliminated or who has withdrawn from the action, since he is no longer a party.") The corollary to this principle is that only an existing party may file a cross-claim against a co-party. See *Seiffer v. Topsy's Intern., Inc.*, 487 F. Supp. 653 (D. Kan. 1980)). See also, *Footlick v. Topstep LLC*, 2025 WL 744069 *2, N.D. Ill (Mar. 7, 2025) (The reason for the dismissal of the crossclaim in *Ahmed* was because the coparty had been dropped from the amended complaint altogether.) citing *Ahmed v. Autotrader.com, Inc.*, 2019 WL

13489098, *1-2 (N.D. Ill. July 22, 2019) (Crossclaim defendant ceased to be a coparty to defendant, once crossclaim defendant was dropped from the amended complaint.) The authority cited by Mr. Karatas directly interprets the meaning of a "party" within the context of a crossclaim under Rule 13(g). This same authority plainly supports the fact that Mr. Karatas does not fit into any category defined as a "party" for purposes of a crossclaim in these cases and under Rule 13(g).

In support of their claim that Mr. Karatas is a "party" for purposes of Rule 13(g), the Weinstock Complainants lift a single quote from an inapposite, unpublished opinion from New Mexico. See Opp. pgs. 3-4, *Workman v. United States Postal Serv.*, 2024 WL 139214, at *4 (D.N.M. Jan. 12, 2024), *report and recommendation adopted*, 2024 WL 657081 (D.N.M. Feb. 16, 2024), *aff'd*, 127 F.4th 237 (10th Cir. 2025). The *Workman* case involved a matter referred to a magistrate judge from the district court on a *pro se* Petitioner's "Petition to Perpetuate Testimony" pursuant to Fed. R. Civ. P. 27. *Workman*, 2024 WL 139214 at *1.

The magistrate judge ultimately denied the Petition because (1) the Petition did not meet the specific requirements of Rule 27 and (2) because Petitioner failed to comply with relevant *Touhy* regulations. *Id*. at *4. The magistrate judge found that the Petition could be denied on the first basis alone but went on to analyze whether *Touhy* regulations apply to the Petitioner's request. On the second point, the magistrate judge ruled that the United States *was not a party* to the instant proceeding for purposes of *Touhy* and therefore, the exemption(s) to *Touhy* regulations did not apply to Petitioner's request for testimony. *Id.* In broad terms, the magistrate judge's ruling that the United States *was not a party*, even though it was a named Respondent, flies in the face of the Weinstocks' oversimplified analysis that a "party" is anyone that is "involved" in a legal action. See Opp. pg. 3. The unpublished *dicta* from the *Workman* case cited by the Weinstock Claimants' does nothing to advance the notion that Mr. Karatas is a "party" for purposes of Rule 13 (g).

III.     Mr. Karatas is not subject to the personal jurisdiction of the Court.

As purported authority to support the exercise of personal jurisdiction over Mr. Karatas, the Weinstocks Claimants' pluck a single quote from 7C Wright & Miller, Fed. Prac. & Proc. § 1920 (3d ed.) relating to the "Status of Intervenor."  See Opp. pg. 5.  The quote relates to Fed. R. Civ. P. 24 and has no application here as Mr. Karatas is not an intervenor under Rule 24.  Further, the quote cited by the Weinstock Claimants is incomplete to the point of being misleading.  Opp. pg. 5.  The full quote is, "[t]here are circumstances in which the court may impose conditions on an intervenor. Unless conditions have been imposed, the intervenor is treated as if the intervenor were an original party and has equal standing with the original parties." This quote has no relevance to the facts or to the procedural posture of this matter.  Mr. Karatas is not an intervenor who has sought to change the issues framed between the original parties, then enters and seeks to alter the framing of the original parties' issues.  This attempt to cite authority establishing personal jurisdiction over Mr. Karatas is a misfire.

"The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant," *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990), and to meet that burden, plaintiffs must allege 'specific facts upon which personal jurisdiction may be based,' *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998). Similar to a 12(b)(1) motion, 'the Court need not treat all of a [plaintiff's] allegations as true when determining whether personal jurisdiction exists over a defendant.'" *Hindu American Foundation v. Viswanath*, 646 F. Supp.3d 78, 89-90 (D.D.C. 2022) *citing Lewy v. S. Poverty L. Ctr., Inc.*, 723 F. Supp. 2d 116, 119 (D.D.C. 2010).  The Weinstocks carry the burden to alleged facts to establish *in personam* jurisdiction over Mr. Karatas, and they have failed to do so.

Finally, the Weinstock Claimants submit that Mr. Karatas waived personal jurisdiction because he filed a claim and answer in this *in rem* forfeiture action and because he moved to dismiss the Weinstock appeal. The Weinstock Complainants' fail to cite a single case or other analogous authority to support his theory of waiver.

    IV.    <u>The crossclaim, Count One "Turnover" against Mr. Karatas fails to state a claim</u>.

In the Opposition, the Weinstock Claimants assert that Mr. Karatas has not identified "any specific allegation he believes are not plausible, much less explain why they purportedly are deficient." This assertion is erroneous. Mr. Karatas previously asserted that dismissal of Count One is warranted because the Weinstock Complainants have failed to allege facts to support the conclusion that they are entitled to receive "Turnover" from Mr. Karatas. ECF 87 pgs. 5-6. Specifically, he previously asserted that the Weinstock Complainants have failed to allege facts to support the claim that Mr. Karatas is in possession of any *res* that the Weinstock Claimants are entitled to as a general unsecured creditor of Hamas. ECF 87 pgs. 5-6. The Weinstock Claimants assert a crossclaim against Mr. Karatas "in the form of a creditors' bill to enforce their Judgment." ECF 75, ¶118. The Weinstock Claimants crossclaim against Mr. Karatas does not afford it any lien over (former) Defendant Property 180, because an *in personam* creditor's bill claim does not establish a lien over a property, *see Grupo Mexicano de Desarrolo S.A.*, 527 U.S. at 319 ("A creditor's bill could be brought only by a creditor who had already obtained a judgment establishing the debt.") (citations omitted). See ECF 74, Memorandum Opinion pg. 12. The Weinstock Complainants have simply elected not to respond to these specific reasons for the dismissal of Count One as set forth in Mr. Karatas's Motion to Dismiss. See ECF 74, 87 and 88 pgs. 5-6.

## **CONCLUSION**

For the foregoing reasons, Mr. Karatas, by counsel, respectfully requests that the Court

enter an order striking the Weinstock Claimants' answer to the amended verified complaint for forfeiture *in rem* and to dismiss their crossclaim against Mr. Karatas.

        Respectfully Submitted,

        Husamettin Karatas
        BY COUNSEL

_/s/ Andrea L. Moseley_
Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C. 20005
Phone 202-549-0425
andrea@kmlawfirm.com

# C E R T I F I C A T E

    I hereby certify that on July 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record to the following:

_/s/ Andrea L. Moseley_
Andrea L. Moseley, Esq.
DC Bar No. 502504
Counsel for Husamettin Karatas
Kropf Moseley PLLC
1100 H St. NW; Suite 1220
Washington, D.C. 20005
Phone 202-549-0425
andrea@kmlawfirm.com