UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

FIFTY-THREE VIRTUAL CURRENCY
ACCOUNTS, *et al.*,

          Defendants.

Civil Action No. 1:20-cv-02227-RC

## REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

    The government's opposition to the Weinstock Claimants' Motion for Reconsideration lacks merit. The government fails to distinguish this case from the D.C. Circuit's recent decision in *Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632 (D.C. Cir. 2025) ("*Levin II*") where it held that TRIA allows terrorism victims to enforce their judgments against assets that are the subject of a government civil forfeiture. Additionally, the government relies upon its unsubstantiated claim that "the Defendant Properties here at issue here are very much in the United State's possession or custody." Opp., ECF 101 at 6. In fact, the government never proffered evidence that it possessed the Defendant Properties. See ECF 76. Finally, the government's attempts to minimize the significance of *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607 (7th Cir. 2015), backfire as the Seventh Circuit plainly held that TRIA judgment creditors need not hold a prior lien against the subject property to prevail over a government forfeiture. *Id*. at 620-21.

A. **The D.C. Circuit's Recent Holding in Levin II Upends the Courts Decisions Dismissing the Weinstocks' Claims**.

In a transparent effort to evade the explicit holding in *Levin II* that TRIA trumps the forfeiture statute, the government argues that *Levin II* was decided in a different procedural posture than the instant case. That is distinction without a difference. The D.C. Circuit affirmatively ruled that TRIA judgment creditors not only have standing to enforce their judgments against assets subject to civil forfeiture proceedings, but also that TRIA enforcements have priority over civil forfeitures. *Levin v. Wells Fargo Bank, N.A*., 156 F.4th 632, 643 n.1 (D.C. Cir. 2025). The Court of Appeals explained, "If the government were right, then section 201 would not prevent the very mischief that Congress sought to address—that provision would allow the Executive to thwart attachment of blocked assets simply by authorizing itself to initiate forfeiture proceedings." *Id*. at 639.

To the extent that government suggests that the ruling was *dicta* because it was unnecessary to resolve the issues before the Court of Appeals, the government's argument should be rejected. The Court of Appeals made crystal clear that it was ruling on the preemptive force of TRIA vis-a-vis the forfeiture statute because the government itself introduced the issue into the case. "The government hints at an argument that the civil-forfeiture statute bars the attachment proceedings here." *Levin II*, 156 F.4th at 643 n.1. Having drawn the Court of Appeals into addressing this question the government cannot be heard to argue that the ruling was non-binding *dicta*. The government must live with the ruling it elicited from the Court of Appeals.

B. **The Government Proffered No Evidence Showing it Possesses the Defendant Properties or that the Properties are Subject to the Court's Personal Jurisdiction**.

The government also attempts to distinguish *Levin II* arguing that in *Levin*, the assets were not in the physical possession of the government, and therefore not subject to federal sovereign immunity. In contrast, the government claims that "the Defendant Properties here are very much

2

in the government's custody – the government **physically seized them** before filing suit." Opp. at 6 (emphasis added). However, the government has never proffered any evidence whatsoever that it is in possession – much less the **physical** possession – of the Defendant Properties. Instead, it has consistently relied on **its own** bald and unsubstantiated assertion that the facts are so. *Id*. If they were, the government would have submitted an affidavit to that effect.

Moreover, even in its unsupported factual assertions, the government hedges: it claims that the Defendant Properties are in its "custody;" it stops short of claiming the Defendant Properties are in its "**possession**." The distinction between these terms is significant. *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428 (D.C. Cir. 2023), upon which the government relies, indicates that property may be in the government's constructive "custody" based upon a mere warrant for their arrest, even while the property remains outside of the United States and in the possession of a third party. *Id*. at 430. However, the court held, "the *sine qua non* of federal sovereign immunity is the federal government's *possession* of the money in question." *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 435 (D.C. Cir. 2023).

The government has failed to establish facts supporting its claim of federal sovereign immunity. And as the Weinstocks argued in their Motion for Summary Judgment (ECF 76), the government proffered no evidence that it possesses the assets at issue here[1] and therefore it failed to establish the Court's personal jurisdiction over the Defendant Properties.

In any event, the question of sovereign immunity has nothing to do with the question of the Weinstocks' standing, and because the fulcrum of the Court's decisions was its finding that the Weinstocks lack standing, those decisions must be reconsidered and reversed in light of *Levin II*.

---

[1] The Court refused to consider this argument based upon its erroneous finding that the Weinstocks lacked standing. Mem. Op., ECF 96 at 13.

3

### C. The Weinstocks May Enforce their Judgment Against the Defendant Properties Without a Lien Prior to the Forfeiture.

Finally, the government argues that the Court should deny the Weinstocks' motion for reconsideration because the Court held the creditors' bill did not establish a lien on the Defendant Properties. While the Weinstocks maintain that their creditors' bill establishes a lien, a lien is irrelevant to the question of standing. In *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607 (7th Cir. 2015), the Seventh Circuit found that the TRIA claimants had both constitutional and statutory standing to execute their terrorism judgment based upon their judgment alone. *Id*. at 612. In *R.J. O'Brien*, like the Weinstocks did here, the TRIA claimants filed verified claims, intervened in a forfeiture proceeding to challenge the government's forfeiture of the blocked assets, and sought turnover of those assets. *Id*. Unlike the Weinstocks, the *R.J. O'Brien* claimants had not even obtained a final terrorism judgment when the forfeiture case was initiated.[2] *Id*. at 613.

The Chicago district court labeled the claimants "general unsecured creditors," and held that they could not establish their interest in the property to be forfeited. *Id*. at 614. Not to be deterred, the claimants then served upon the government citations to discover assets (the Illinois procedure to initiate attachment of assets). Recognizing the newly established lien, the district court found the claimants had constitutional and statutory standing. *Id*. Specifically, the court held that TRIA superseded the civil forfeiture statute's procedural hurdles to standing. *Id*. The parties filed motions for summary judgment and the district court granted the TRIA claimants' motion for summary judgment.

The government appealed. In a thorough opinion, the Seventh Circuit that TRIA relieved the claimants from a duty to satisfy the civil forfeiture statute's innocent ownership requirement,

---

[2] The Weinstocks obtained their judgment in 2019.

4

and therefore, as provided by TRIA, "any person who 'has obtained a judgment against a terrorist party on a claim based upon an act of terrorism,' [may] execute on, or attach in aid of execution on, the blocked funds of the terrorist party to satisfy their judgment." *Id*. at 620, citing TRIA § 201. The judgment <u>alone</u> gave the claimants this power, irrespective of any lien. *Id*.

As discussed in the Motion for Reconsideration, the Seventh Circuit also agreed with the district court's finding that the TRIA claimants had both constitutional and statutory standing. *Id*. at 616-618. "Forfeiture's standing requirements cannot overcome TRIA's sweeping mechanism for recovery." *Id*. at 621.

Despite these holdings in favor of the TRIA claimants, the Seventh Circuit reversed the district court's judgment. It held that because the Treasury Department's Office of Foreign Asset Control ("OFAC") had granted a specific license authorizing the Department of Justice to forfeit the assets, the funds at issue were no longer "blocked" and therefore, no longer subject to TRIA. Id. at 624. This is the only point of the Seventh Circuit's decision that the D.C. Circuit rejected in *Levin II*. *Levin II*, 156 F.4th at 641-42. Thus, the government is wrong when it asserts that the D.C. Circuit disagrees with the portions of *R.J. O'Brien* upon which the Weinstocks rely.

## Conclusion

For the foregoing reasons, the Court should reconsider and reverse its holdings dismissing the Weinstocks' counterclaim and crossclaim and denying their motion for summary judgment.

Dated: December 1, 2025

                                        Respectfully submitted,

                                        <u>/s/ Asher Perlin</u>
                                        Asher Perlin
                                        Bar I.D. FL0006
                                        LAW OFFICE OF ASHER PERLIN
                                        4600 Sheridan Street, Suite 303
                                        Hollywood, Florida 33021

(786) 687-0404
asher@asherperlin.com

*Counsel for the Weinstock Claimants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on December 1, 2025, on the Court's CM/ECF system which will send a notice of electronic filing to counsel of record for all parties.

By: /s/ Asher Perlin

Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.com

*Counsel for the Weinstock Claimants*