UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FIFTY-THREE VIRTUAL CURRENCY ACCOUNTS, et al.,

Defendants in rem,

- and -

SHARON BETH WEINSTOCK, et al.,

Claimants.

Civil Action No. 20-2227 (RC)

# JOINT STATUS REPORT

The parties submit this joint status report in response to the Court's October 14, 2026, Minute Order, which directs the parties to "jointly submit a proposed schedule to govern further proceedings."

**Position of the United States**

The United States is in the process of completing direct notifications. A recipient of a direct notice has "at least 35 days after the notice" to file a claim. Fed. R. Civ. P. R(4)(b). To permit sufficient time to complete the direct notice process and for any recipient to file a claim, and assuming no further claims are filed, the United States proposed the following schedule to govern further proceedings:

| Event | Deadline |
|---|---|
| Motion for Default | January 5, 2027 |
| Motion for Default Judgment | Forty-five days after entry of default |

**Position of the Weinstock Claimants**

The Weinstock Claimants are the family members, and the estates of deceased family members, of Yitzchak Weinstock, a nineteen-year-old American citizen murdered by Hamas in a terrorist shooting near Jerusalem in December 1993. ECF No. 75 ¶ 114. On May 17, 2019, they obtained a final judgment against Hamas under the Antiterrorism Act in the amount of $78,873,000. *Weinstock v. Islamic Republic of Iran*, No. 17-23272-CIV, 2019 WL 1993778 (S.D. Fla. May 6, 2019); ECF No. 75 ¶¶ 115-116. The Judgment is registered in this Court under 28 U.S.C. § 1963, *Weinstock v. Islamic Republic of Iran*, No. 23-mc-00050 (D.D.C.), and remains wholly unsatisfied. ECF No. 75 ¶¶ 116-117.

The United States filed this in rem forfeiture action on August 13, 2020. ECF No. 1. Claimant Karatas filed a verified claim to Defendant Property 180 on October 7, 2020, ECF No. 5, and an answer on December 28, 2020, ECF No. 9. The Weinstocks filed their verified claim on February 16, 2021. ECF No. 11.

On September 25, 2025, the Court entered an order and memorandum opinion striking the Weinstocks' verified claim and answer, dismissing their counterclaim against the United States and crossclaim against Claimant Karatas, and denying the Weinstocks' motion for summary judgment. ECF Nos. 95, 96. On September 14, 2026, the Court denied the Weinstocks' motion for reconsideration. ECF Nos. 95, 96, 106, 107.

Earlier in these proceedings, on November 19, 2024, this Court entered an order and memorandum opinion that, among other things, held the Weinstocks lacked standing in this matter and ordering the return of the disputed Defendant Property 180 to Claimant Karatas. ECF No. 73; ECF 74 at 20. The Court held, "neither Claimant Karatas nor the Weinstock Claimants will maintain any interest in this action…" ECF No. 74 at 20. Recognizing the Weinstocks would likely

appeal its ruling, the Court stayed the return of Defendant Property 180 for 30 days. The Court noted the stay would "give the Weinstock Claimants an opportunity to seek any appeal and a further stay from the Circuit." ECF No. 73 at 1; ECF No. 74 at 21. The Weinstocks did what the Court contemplated. They appealed.

The United States and Claimant Karatas moved to dismiss that appeal as premature. Their submissions did not stop at the proposition that the November 19, 2024 rulings were interlocutory. They told the D.C. Circuit precisely what remained to be done. The United States went further and assured the Court of Appeals that reaching final judgment would not take long:

> If the district court adheres to the rationale of its Decision (i.e., finding that the Weinstock Claimants as unsecured judgment creditors lack standing to participate in this civil forfeiture action), this case will soon reach finality. The Weinstock Claimants' claim and answer is ripe to be dismissed. Karatas's claim is resolved as it solely pertained to one property (Defendant Property 180), which the United States dropped from the case in the amended complaint. And no other claimant has appeared after appropriate notice to contest the Government's forfeiture of the remaining defendant properties. As such, the Weinstock Claimants will suffer no prejudice by waiting, as the law commands, for a final judgment to pursue appellate review of the Decision and any other district court rulings.

United States' Reply in Support of Its Motion to Dismiss Appeal at 8, *United States v. Fifty-Three Virtual Currency Accounts*, No. 24-5280 (D.C. Cir. Feb. 13, 2025), Doc. #2100685 (emphasis added). The D.C. Circuit dismissed the appeal on that understanding, holding that the Weinstocks "may seek appellate review of that order when the district court eventually issues a final judgment in this case." Doc. #2105224 at 1.

Since the D.C. Circuit's dismissal of their first appeal, every condition the United States identified has been satisfied. This Court adhered to the rationale of its 2024 Decision. The Weinstocks' claim and answer are gone. Karatas's claim is gone and Defendant Property 180 has

been returned to him. No other claimant has appeared. Yet in the thirteen months since this Court struck the Weinstocks' claim, the docket reflects no activity of any kind directed at the remaining Defendant Properties. No motion for default. No proposed decree of forfeiture. No proposed schedule. The brief and harmless wait the United States described has become one with no end that anyone has identified.

The Weinstocks believe the Court should enter final judgment disposing of this case forthwith so the Weinstocks may pursue their appeal. Accordingly, the Weinstocks respectfully request that the Court order the government to move for default judgment within 20 days, or face dismissal of the case for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *Cf. Hancock v. Fed. Bureau of Prisons*, No. CV 24-182 (RDM), 2025 WL 858144, at *1 (D.D.C. Mar. 19, 2025) (The court's power under Fed. R. Civ. P. 41(b) to dismiss a case for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the courts.") (cleaned up).

*        *        *

Dated: November 4, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. Bar #1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 – 7678

*Attorneys for the United States of America*

LAW OFFICE OF ASHER PERLIN

By: *s/ Asher Perlin*
ASHER PERLIN
Bar I.D. FL0006
4300 Biscayne Boulevard
Suite 203
Miami, Florida 33137
(786) 687-0404
asher@asherperlin.com